John C. Pharr
Law Offices of John C. Pharr
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/272-2525
Fax: 907/277-9859
E-mail: jpharr@gci.net
AK Bar #8211140

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JASON F. WILSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. 3:02-cr-0086-JWS |

### DEFENDANT'S BRIEF ON REMAND

COMES NOW JOHN C. PHARR, counsel of record for Defendant JASON F. WILSON, and hereby files his Brief on Remand.

Defendant requests resentencing, pursuant to the direction of the United States Court of Appeals for the Ninth Circuit in <u>United States of America v. Jason F. Wilson</u>, Memorandum Opinion No. 03-30220, December 5, 2005

### I.

### INTRODUCTION

Defendant was sentenced before the Blakely line of decisions changed the landscape of federal criminal sentencings. His case was on direct appeal when those decisions were rendered. Therefore, he should be resentenced with the court considering §3553 factors and the guidelines as advisory only. Defendant's sentence would be materially different if the court were free to

consider those factors. Defendant also will discuss the impact of Shepard v. United States, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) on the finding that he is a career offender. Defendant's position is that since defendant is being resentenced, the court is free to reconsider the finding of career offender it made in the original sentencing, despite the Court of Appeals' ruling that it would not consider the Shepard argument made in the Appellant's Reply Brief.

II.

A. 18 U.S.C. §3553 FACTORS

1.  *Applicable Law.* The Court of Appeals directed the District Court "for further proceedings consistent with United States v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir. 2005)." Memorandum Opinion at 2. Those pages state in relevant part:

The Process to be Followed

In hopes of making clear the process that we conclude should be followed, we outline it here….[T]he district court need not determine or express what the sentence would have been in an advisory system. It is enough that the sentence would have been materially different….[T]he "views of counsel, at least in writing," should be obtained…If the district court judge determines that the sentence imposed would not have differed materially had he been aware that the Guidelines were advisory, the district court judge should place on the record a decision not to resentence, with an appropriate explanation….

409 F.3d at 1084-85. The Court of Appeals also referenced United States v. Wright, 419 F.3d 906, 916 (9th Cir. 2005), which states in relevant part:

> We conclude that defendants are entitled to limited remands in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional…After all, the reason for a limited remand is that it sometimes is not possible for us to answer the question whether the district court would have imposed the same sentence if it had known the guidelines were advisory, and the fact that the district court has not conducted any factfinding does not make this question any easier (or harder) for us to answer. We will therefore remand Moreno-Hernandez's sentence in accordance with *Ameline*…
>
> It is clear that the district court, under *Ameline*, will have to at least consider the available sentence under the now-discretionary federal Guidelines in determining whether it would have imposed a different sentence had it known the Guidelines were advisory…

419 F.3d at 916.

District courts must now impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of the sentencing set forth in 18 U.S.C. §3553(a)(2), after considering:

> (1) the nature and circumstances of the offense, and the history and characteristics of the defendant [§3553(a)(1)];
>
> (2) the kinds of sentences available [§3553(a)(3)];

(3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) Guideline range [§3553(a)(4)&(a)(5)];

(4) the need to avoid unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct [§3553(a)(6)]; and (a)

(5) The need to provide restitution to any victims of the offense [§3553(a)(7)].

United States v. Booker, 125 S.Ct. 738, 766 (2005).

2.  *Nature and circumstances of the offense, and the history and characteristics of the defendant.*

   *a. Offense nature & circumstances.*

On December 9, 2002, defendant Jason F. Wilson pled "straight up" (no plea agreement) to a charge of conspiracy to possess with intent to distribute 500 grams or more of cocaine. He did not admit any specific amount; but the court at the sentencing on May 6, 2003, found "relevant conduct" amounting to 1,836.1 grams of cocaine. However, the applicable guideline range was trumped by the court's finding of career offender status. U.S.S.G. §4B1.1.

As drug conspiracies go, this one could only be called minor league. (Defendant is not defending or making light of drug trafficking, but only comparing it to others.) Defendant would be looking at most at a total offense level 29, a criminal history category of V, and a guideline sentencing range of 140-175 months were it not for his priors.

   *b. History and characteristics of the defendant.*  Under the law at the time of his sentencing, these considerations were largely irrelevant. The PSR (¶s 49-66) reveals that Jason

Wilson was born on November 26, 1975. Thus, at the time of the offenses of conviction, he was 27 years old. He was from a dysfunctional, broken family, and his parents abused drugs and alcohol. PSR, ¶51. Although the PSR states that he has no mental or emotional problems (¶55), it also notes that he completed the 11th grade in Special Education classes. He has worked as a laborer and warehouse person (¶61), but unfortunately his life was marred by drug addiction from an early age. (¶56.) He is married, with two children, ages 8 years old and 1 month old, on February 7, 2003, when the PSR was prepared.

    3.    *The kinds of sentences available.*

The <u>Booker</u> case and its progeny released the court from mandatory sentencing and rendered the Guidelines advisory, as briefed above.

    4.    *The guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) Guideline range.*

Section 3553(a) is comprised of two parts: the "sentencing mandate" contained in the prefatory clause of Section 3553(a) and the "factors" to be considered in fulfilling that mandate. Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2);

> (a) retribution (to reflect seriousness of the offense, to promote respect for the law, and to provide "just punishment");
>
> (b) deterrence;
>
> (c) incapacitation ("to protect the public from further crimes"); and
>
> (d) rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision". In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). These are (1) "the nature and circumstances of the offense, and the history and characteristics of the defendant"; (2) "the kinds of sentence available"; (3) "the Guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. §3553(a)(1), (a)(3), (a)(5)-(7).

Neither the statute itself nor <u>Booker</u> suggests that any one of these factors is to be given greater weight than any other factor. However, it is important to remember that all factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

What sentence would meet the goals of retribution, deterrence, incapacitation, and rehabilitation? Defendant suggests that he is still a young man, and although he has made bad choices, he should not be written off. A 151-month sentence (12.6 years, in addition to the 4 years left to serve in California) is far too Draconian. Defendant needs drug treatment and can reenter society as a sober, responsible (and much chastened) member with a considerably lighter sentence. Defendant would note under California law, he was given two- and then four-year sentences; his jail time should increase incrementally, and not jump from 4 years to nearly 13 years.

5. *The need to avoid unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct.*

| Co-Defendants | Case # | Sentence |
|---|---|---|
| Kevin Staples | A02-0086-2 CR (JWS) | 110 months |

| Charlene Marie Cortez | A02-0088-1 CR (RRB) | 18 months |
| --- | --- | --- |
| Samantha Hatten | A02-0088-2 CR (RRB) | Unavailable but probably slightly higher than Cortez |

At 151 months, defendant Jason F. Wilson's sentence exceeds any of the other defendants by a wide and hopefully unacceptable margin. Defendant Wilson has no way of knowing the records of the other defendants, but the sentences of Kevin Staples and Charlene Cortez the government's recommendations vastly exceeded their eventual sentences.

6. *The need to provide restitution to any victims of the offense.* None.

III.

CAREER OFFENDER/SHEPARD V. UNITED STATES

In the instant case, there was a considerable issue as to whether the defendant had two prior felonies, triggering career offender status. This issue was briefed by Mr. Wilson's attorney in his Sentencing Memorandum, and the court spent considerable time on the record discussing it, ultimately ruling against the defendant.

A conviction that qualifies a defendant for career offender status must have been for a "controlled substance offense" that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance." U.S.S.G. §4B1.2. A conviction for "mere possession" is not enough. §4B1.2(b). Defendant had two convictions for violation of the California Health and Safety Code (CHSC), §11351. For the 1996 conviction, the court had a partial transcript of the state court change of plea hearing, in which the judge commented, "It's a possession not possession for sales. If I said that, I misspoke." The record of the 2001 conviction was likewise incomplete. The court did not have before it the wording of CHSC §11351 as of 1996 or 2001.

7

In <u>Shepherd v. United States</u>, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Supreme Court held that the fact and character of prior convictions may be established only by "referring to charging documents filed in the court of conviction, or to recorded judicial acts of that court limiting convictions to the generic category, as in giving instructions to the jury." In cases where there was a plea, such documents "would be the statement of factual basis for the charge…shown by a transcript of a plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering a plea." The court declined to permit the sentencing court to rely on documents such as police reports to determine the nature of a prior conviction; the court held that in order to avoid unconstitutional reliance on judicial factfinding in the sentencing process, the court must "limit the scope of judicial factfinding on the disputed generic character of a prior plea." To do otherwise is a violation of the Sixth Amendment.

In view of the staggering implications to defendant's sentence of career offender status, defendant would ask the court to reconsider the characterization of his prior convictions under the <u>Shepherd</u> case. Defendant should be free to re-argue the point in a resentencing.

## IV.

## CONCLUSION

Defendant Jason F. Wilson is a young man who was indicted and convicted of a conspiracy of relatively small proportions. His track record is not such that that the court would not likely impose a 151-month sentence if free to consider the 3553 factors and the <u>Shepherd</u> case. Even a small difference for a young man with his life ahead of him, and a wife and two small children, is "materially different." Defendant would ask for resentencing on that basis.

Dated this 2nd day of March 2006.

8

LAW OFFICES OF JOHN C. PHARR

s/John C. Pharr
Attorney for Defendant
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/272-2525
Fax: 907/277-9859
E-mail: jpharr@gci.net
AK # 8211140

**Certificate of Service**

That on the 2nd day of March 2006, a copy of this document was served by electronic filing upon, AUSA Stephan Collins.

By: s/John C. Pharr, Esq.