KEVIN TERRELL STAPLES

P.O. BOX 019001

ATWATER, CA 95301

UNITED STATES PENITENTIARY

REG. No. 30173-018

RECEIVED
MAR 06 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| KEVIN T. STAPLES, | ) A02-CR- 00086-(JWS) |
| Party In Interest, | ) Sentencing Memo |
| v. | ) Interested Party |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |
| | ) |

STATEMENT OF INTERESTED PARTY

Comes Now, Kevin Terrell Staples, pro se (hereinafter) (Staples Party In Interest.) In response to the recent Order of the United States District Court Of Alaska, chambers of district Judge, The Honorable John W. Sedwick, issued on January 30, 2006.

This case has been remanded for possible resentencing by the United States District Court Of Alaska, pursuant to United States v. Ameline, 409 F. 3d 1073 (9th Cir. 2005)(en

banc hearing).

In U.S. v. Ameline the defendant plead guilty to knowingly conspiring to distribute methamphetamine, a federal crime. The presentence report (PSR) stated that Ameline dealt with 1,100 grams of the drug. Ameline objected to this finding, asserting that he possessed only a detectable amount of the drug. However, the district court found that 1,600 grams were attributable to Ameline and sentenced him to 150 months, which fell within the range of 135 to 168 months established by the (U.S.S.G.) United States Sentencing Guidelines. The United States Supreme Court, then held in U.S. v. Booker that the Maximum sentence a judge may impose is limited by the facts found by a jury or admitted by the defendant. As a result, the Guidelines became merely advisory. Ameline's case was reheard in light of Booker.

Vacated and remanded, it was held that Ameline's sentence of 150 months exceeded the maximum authorized by the guilty plea or a jury verdict. As a result the issue remained of whether his sentence constituted "plain error" that affected his substantial rights. As well, the answer depended on whether the district court judge would have imposed the same sentence had he known that the Guidelines were merely advisory.

Here, by analogy, petitioner Jason Frederick Wilson and his co-defendant, (Interested party, Staples,) sentences e.g., offense levels were determined on a quantity of drugs to which they did not admit, nor was there a quantity charged in the indictment.

Like the Ameline, case their sentences were based

solely on the Presentence Report (PSR) prepared by the Probation Office. The probation officer's conclusion as to drug quantities was based solely on the investigative reports the officer had reviewed, and the PSR contained a summary of the salient portions of the investigative reports.

Staples, asserts that this "plain error" has affected both his and his co-defendants substantial rights; as well, a failure to notice the error would seriously affect the integrity and fairness of the proceedings.

Petitioner Jason Frederick Wilson, Because of the Career Offender enhancement elected to file a direct appeal, attacking his predicate convictions as being violative of Blakely, his career offender status based on two prior convictions, for failure to prove them to a jury beyond a reasonable doubt, as well his base offense level based on a drug quantity. However, Staples, his co-defendant did not file a direct appeal, but sought relief in a 28 U S C § 2255 based on Blakely, and Ameline.

Thus as a result of the United States District Court For The District Of Alaska's ruling, (Interested Party) believes that a re-sentencing is appropriate in the above mentioned matter, as well (Interested Party) sets forth his reasons why re-sentencing is requested, and should proceed within 30 days from the Courts Order of January 30, 2006.

### MEMO IN SUPPORT OF ACTION

Here this (Party) asserts that resentencing is

appropriate as well, it is dictated by the strictures of Ameline, through Booker. In Booker The United States Supreme Court Affirmed a long line of cases starting with Apprendi, reaffirming the premise that the maximum sentence a judge may impose is limited to facts found by a jury or admitted by the defendant

Defendant's base offense level should not have been determined on a quantity of drugs to which they did not admit.

Jason Wilson and his co-defendant's offense level's were based on the quantity of drugs "alleged" to have been involved in the conspiracy. However, neither defendant ever admitted, nor were they required to admit to any necessary amounts of drugs, nor was there any proof detailing quantities of a drug. Under Ameline, the sentences are unconstitutional.

Where a defendant is convicted under 21 U.S.C. § 846, the base guideline sentence is determined from the table in U.S.S.G. § 2D1.1(C). The tables establish different base offense levels depending upon the amount of a substance involved in the crime of conviction. E.g.,if the crime involved between 500 grams and 2 kilograms of cocaine, the guidelines establish a base offense level of 26. On the other hand, if the crime involved less than 25 grams, the guidelines establish a base offense level of only 12. Not withstanding an adjustment for acceptance of responsibility, the difference is still quite significant. By comparison, an offense level of 23 results in a sentence range of 70 to 87 months; where on the other hand an offense level of 10 leads

to a sentencing range of 15 to 21 months, a significant difference by any standards.

Defendants never admitted to a specific amount of drugs at the plea hearings, nor were any specific amounts charged as an element of the crime charged. Defendants could have been convicted of the same crime had the total quantity involved been less than 25 grams or a detectable amount; as in Ameline. Whereby, they simply would have been subjected to a much lower sentence than the ones imposed. However, under Blakely and Ameline it was incumbent upon the prosecution to prove that defendants crime involved a specific amount of drugs. Where the prosecution failed to carry this burden, defendants should not have been sentenced based on a specific quantity. The higher offense levels were thus applied according to a constitutionally infirmed procedure. Therefore, defendant's should receive resentencing based on the lower offense levels.

To the degree that facts are found by the judge, rather than a jury or by admission of the defendant, and those facts serve as the basis for aggravating the defendants sentence, plain error has been committed because such a finding violates the defendant's Sixth Amendment right to a jury trial.

The fact that Blakely requires a jury verdict or admissions of predicate offenses, if the convictions are used to enhance a defendant's sentence. Wilson's base offense level in this case as well as his co-defendant's were based on the amount of drugs allegedly involved in the crime.

However, Wilson's sentence was enhanced based on his state criminal history, the facts of which were not proved or admitted to. Wilson, rightfully has standing and should now argue that it was unconstitutional to base his sentence on his prior convictions that were neither admitted to nor proved to a jury. Under the recent Supreme Court decision in Blakely v. Washington, it was ruled that 'only those facts actually admitted to by the defendant or found by a jury beyond a reasonable doubt may be the basis for a defendant's sentence.

In United States v. Ameline, the Ninth Circuit considered whether and in what way Blakely applied to the Federal Sentencing Guidelines. The court there held that it violates a defendant's Sixth Amendment rights for the defendant's sentence to be enhanced under the Federal Guidelines based on the facts found by a judge. The court subsequently found that the appropriate "statutory maximum" is the maximum sentence that would have been imposed under the Guidelines for the crime itself, and any upward departure from that maximum could only be imposed, absent some type of waiver, based on facts admitted to by the defendant or found by a jury beyond a reasonable doubt. Here defendant asserts that "every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment. This Court should conclude that there is no prior conviction exception to the rule of Apprendi and Blakely, and that prior convictions, like all other facts necessary to the defendants sentences, must be based either on a jury verdict or the defendants admission. This Court in following other

recent Ninth Circuit rulings should resentence without consideration of defendants prior convictions.

As well Jason Wilson's career offender status should not be allowed to stand. Rather, such a finding requires a factual determination about the nature of prior convictions. In the wake of Ameline and Blakely, of those two cases it is now clear that judicial fact- finding that results in an enhanced sentence is not permissible, and that the questions of facts that negatively affects the sentence of the defendant must be put to a jury or agreed to by the defendant.

This (Party In Interest) asserts that the imposition of the unconstitutional sentences have and continue to pose undue hardship and mental anguish as well as an uncertainty in the future of petitioner's, any time spent in custody which is not founded by the law is in and of itself unconstitutional and works to undermine the integrity of the judicial system. Petitioner's have been subjected to the more harsh conditions of prison life because their sentences dictated that they be placed in the most severe and restrictive prison settings United States Federal Penitentiarys, as opposed to Camps, or Federal Correctional Institutions, Petitioner's have suffered unfairly and unjustly as a result of their unconstitutional sentences. the sooner the sentences can be corrected the sooner justice will have prevailed.

                                                                Respectfully submitted

                                                                (Interested Party)

                                                                Kevin T. Staples

*/s/ Kevin Staples*

February 25, 2006

# CERTIFICATE OF SERVICE

I, _Kevin Staples_ hereby certify that I have served a true and correct copy of the following: _Sentencing Memo_

Which is deemed filed at the time it was delivered to prison authorities for forwarding, Houston v. Lack, 101 L Ed 2d 245 (1988), upon the defendant/ defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to:

_Karen Loeffler_
_222 W 7th Ave #9_

_United States District Court_
_Clerk of the Court_
_222 W. 7th Ave #5_

and deposited same in the United States Mail at

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this _26_ day of _February_, 20_06_.

_Kevin Staples_