DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>JASON F. WILSON  )<br>  )<br>Defendant.  )<br>  )<br>_____ ) | Case No.  3:02-cr-00086 (JWS)<br>COA Case No.  03-30220<br><br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S RE-SENTENCING BRIEF |

Jason Wilson, the defendant, appealed his sentence, which was imposed prior to *United States v. Booker*, 543 U.S. 220 (2005).  Because his appeal was pending after the Supreme Court issued its decision in *Booker*, the Ninth Circuit Court of Appeals issued a limited remand in Wilson's case sending it back to this Court, pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005).

Pursuant to this limited remand, this Court has the opportunity to address the issue of whether or not it would have imposed the same sentence under the advisory United States Sentencing Commission Guidelines, after considering the factors set forth in 18 U.S.C. § 3553(a), upon Wilson.  The Ninth Circuit's remand does not encompass wiping the slate clean and beginning again.  If the Court decides it would have imposed the same term even under an advisory guideline scheme, then there is nothing further for this Court to do but to issue an amended judgement to that effect.  If the Court finds that it would have imposed a different sentence after considering the advisory guidelines and 18 U.S.C. § 3553(a), then a re-sentencing hearing is necessary.  In any event, the United States asks this Court to impose the same term of imprisonment that it originally imposed.

    Irrespective of what course the Court elects to follow, Wilson's suggestion that this Court revisit its prior rulings on his classification as a Career Offender is not appropriate at this time.  The Ninth Circuit's remand does not address this issue.  Whether or not this Court correctly found Wilson was a Career Offender is not part of the remand.  Wilson's invitation to this Court to consider the effect of *Shepard v. United States* 125 S.Ct. 1254 (2005) is misplaced and ill timed.  This Court has already found that Wilson was a Career Offender; that decision is still binding upon Wilson's case at this juncture.  The information upon which this

Court based its finding that Wilson's two prior drug felonies qualified as predicate offenses is not implicated by the *Shepard* ruling. This Court relied upon the charges, the judgments of conviction, and the record of the change of plea; all of which supported the Court's findings that these two offenses met the statutory definition of controlled substance offences.  The Court's original sentencing decision was based on Wilson's criminal history, not the amount of drugs involved in the offense of conviction.  Wilson will still have an opportunity to seek appellate review of the Court's final decision on sentencing following remand.  That is the time to address the Court's findings in support of its sentence calculation under the advisory guidelines.

     RESPECTFULLY SUBMITTED this day, June 5, 2006, in Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney

        s/Stephan A. Collins
        Assistant U.S. Attorney
        222 West 7th Ave., #9, Rm. 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-5071
        Fax: (907) 271-1500
        E-mail: stephan.collins@usdoj.gov
        AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2006
a copy of the foregoing was served
electronically:


John C. Pharr, Esq.

s/ Stephan A. Collins

U.S. WILSON
3:03-cr-00220 (JWS)