UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:02-cr-00086 JWS |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| JASON F. WILSON, ) | |
| ) | |
| Defendant. ) | |

## I. MATTER PRESENTED

Defendant Jason F. Wilson pled guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. He was sentenced to a term of 151 months in prison, which was the low end of the Guideline range which was determined to be 151 to 188 months. Wilson appealed his sentence, and the Ninth Circuit Court of Appeals remanded for consideration of the sentence pursuant to *United States v. Ameline.*[1] Defendant Wilson and plaintiff United States have filed memoranda respecting the need for re-sentencing which the court has reviewed.[2]

## II. DISCUSSION

*Ameline* requires this court to determine whether the sentence it imposed would have been materially different had this court known at the time of sentencing that the Guidelines published by the United States Sentencing Commission were advisory, not

---

[1] 409 F.3d 1073 (9th Cir. 2005).

[2] Docs. 116 and 125.

mandatory. If so, re-sentencing is required. If not, the original sentence stands.[3] This court has reviewed the file and concluded that it would not have imposed a materially different sentence had it known the Guidelines were advisory. This conclusion is based on consideration of the factors set forth in the controlling statute, 18 U.S.C. § 3553(a), as they apply in the factual context of this case. The court's findings of fact were announced when sentence was imposed and need not be repeated in detail here.

To begin with, the court has considered the kinds of sentences available for Wilson's crime, the factor identified in 18 U.S.C. § 3553(a)(3). The crime of conviction is a Class C felony for which a sentence of either incarceration or probation might be imposed.[4] As will become evident in the discussion of other sentencing considerations which follows, a probationary sentence in this case would be inappropriate, leaving incarceration as the type of sentence to be considered.[5]

Next, the court turns its attention to the "nature and circumstances of the offense and the history and characteristics of the defendant."[6] The offense is a very serious one involving, as it did, a conspiracy to distribute substantial amounts of cocaine in Alaska which were transported here from California. Congress and the courts have long recognized that drug trafficking is a very serious crime. The nature of the crime warrants a very substantial penalty. The history and characteristics of the defendant suggest a very lengthy period of incarceration is appropriate. Defendant has been involved in the distribution of illegal substances since he was 18 years old. He is a career offender. Consideration of these matters indicates that a sentence within the advisory Guideline range is appropriate.

---

[3] 409 F.3d 1085.

[4] Probation is ordinarily available as a punishment for the commission of a Class C felony. 18 U.S.C. § 3561(a). While 21 U.S.C. § 841(b)(1)(C) indicates a sentence of imprisonment should be imposed, that statutory provision indicates that the allowance of a sentence of probation pursuant to other provisions of the law is foreclosed only when "death or serious bodily injury results." There was no death or serious bodily injury in this case.

[5] A fine might have been imposed in addition to incarceration, but none was imposed.

[6] 18 U.S.C. § 3553(a)(1).

The next factor to consider is the need for a sentence which reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.[7] These matters all support the imposition of a lengthy sentence of incarceration. The statute also requires the court to consider the need for a sentence which will deter the type of criminal activity involved.[8] This factor supports a very long sentence, for it is clear that drug trafficking is a crime which clings with tenacity to American society. Next, the court is directed to consider what sort of sentence is needed to protect the public from further criminal acts by the defendant.[9] Given defendant's record, a very long sentence which separates him from society for a substantial period is indicated. In sum, these three considerations all suggest a sentence within the Guideline range would be appropriate.

The sentence should also be one which provides the defendant with needed educational and vocational training, medical care, and the like in the most effective manner.[10] Programs available in the Bureau of Prisons during a lengthy period of incarceration should address these considerations.[11]

The court is also directed to consider the Guidelines and any associated policy statements.[12] The Guidelines, of course, support a sentence within the Guideline range. The court must also consider the need to impose a sentence which will avoid unwarranted disparities between the sentences of persons "guilty of similar conduct."[13] As is typically the case, this factor supports imposition of a Guideline sentence, for the

---

[7] 18 U.S.C. § 3553(a)(2)(A).

[8] 18 U.S.C. § 3553(a)(2)(B).

[9] 18 U.S.C. § 3553(a)(2)(C).

[10] 18 U.S.C. § 3553(a)(2)(D).

[11] For example, the BOP operates a well-regarded 500-hour drug treatment program which the court recommended for defendant Wilson.

[12] 18 U.S.C. § 3553(a)(4) and (5).

[13] 18 U.S.C. §3553(a)(6).

Guidelines have been designed to eliminate sentencing disparities.  The court is also to consider restitution to victims,[14] a factor that does not apply in the circumstances of this case.

Finally, the court must apply the statutory command to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes [discussed above.]"[15]  In this case, the court concludes that the rule requiring the shortest adequate sentence requires a sentence at the low end of the advisory Guideline range, but not lower.  A sentence any lower would be inconsistent with application of the specific factors listed in the statute.

### III.  CONCLUSION

For the reasons discussed above, the court concludes that the sentence which it would have imposed had it known that the Guidelines were advisory rather than mandatory would not have differed materially from the sentence which was actually imposed.  It follows that there is no need to conduct a further sentencing proceeding, and the existing judgment requires no amendment.

DATED at Anchorage, Alaska, this 6th day of June 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[14] 18 U.S.C. §3553(a)(7).

[15] 18 U.S.C. §3553(a).