IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

JASON WISON
    Petitioner,

-vs-                          Case No. A-02-0086-CR(JWS)

UNITED STATES OF AMERICA,
    Respondent.
_____/

Petitioner's Memorandum In Support Of
Petition For Writ Of Habeas Corpus Under 28 USC § 2255

### Introduction

The annexed petition for federal habeas corpus relief pursuant to **28 USC § 2255** stems from the Petitioner's conviction for Conspiracy to violate **21 USC § 846** (conspiracy to possess with intent to distribute cocaine). This petition raises an important question surrounding Petitioner's appellate counsel: Whether counsel's failure to explore the record, investigate the facts and law regarding an appealable issue, preserved by trial counsel, amounted to ineffective assistance of counsel?

### Plea

On August 20, 2002, the Petitioner, in Anchorage, Alaska, was indicted for Conspiracy to Possess With Intent to Distribute a Controlled Substance, to wit, Cocaine in violation of **21 USC § 846.** **See,** Docket(DK. at 1). On December 9, 2002, the Petitioner appeared and entered a guilty plea. DK. at 23).

### The PSR

The United States Probation Officer found that the Petitioner had been previously convicted in the State of California on two

separate occassions, 1996 and 2001, for violating California Health and Safety Code § 11351. **See,** PSR as exhibit **A.** There, the USPO, found along with the instant plea to **§ 846** and the two prior state convictions, that the Petitioner was a career offender pursuant to **U.S.S.G. §:4B1.1.**

### Counsel's Objections To The PSR

Counsel objected, inter alia, to the findings in Paragraph 32 of the PSR finding Petitioner to be a career offender.

> "The author asserts that Defendant Wilson has at least two prior felony convictions for a controlled substance offense. To qualify as a predicate offense, however, it must be more than a mere possession or purchase. The offense must be one that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance(or a counterfeit substance) or the possession of controlled substance(or a counterfeit substance)with intent to manufacture, import, export, distribute, or dispense." **U.S.S.G. § 4B1.2(b).** Both asserted priors in California were for violations of California Health and Safety Code § 11351 which is a mere possession offense(See attachments A and B). The Court should not look to the facts of underlying conduct where the conviction is for a possession offense. United States v. Gatian, 954 F.2d 1005,1008-11 (5th Cir. 1992); United States v. Lipsy, 40 F.3d 1200,1201 (11th Cir. 1994) (Simple possession is not a predicate for a career offender). United States v. Vea-Gonzales, 999 F.2d 1326,1329 n.1 (9th Cir. 1993." **See,** exhibit **B.**

### Sentencing Hearing

In announcing its preliminary findings, the district court based its initial decision upon the language in C.H.S.C. § 11351 and found both the 1996 and 2001 state convictions triggered **§ 4B1.1.** After the hearing, the district court specifically rejected Petitioner's argument that the conviction under C.H.S.C § 11351 was for simple possession and did not met the definition of a predicate offense under **U.S.S.G. § 4B1.2.** The court found the transcript of Petitioner's 1996 change ofnplea hearing non-supportive of hisargument that he had been convicted for mere possession.

After finding Petitioner's two prior convictions exposed him to

(2)

sentencing as a career offender, the district court agreed with the U.S.P.O. that under **U.S.S.G. § 4B1.1** Petitioner's total adjusted offense level would be 29, his criminal history category a VI, and his sentencing range should be between 151 and 188 months imprisonment. The court then ask the parties to recommend an appropriate sentence.

Counsel argued that the court should disregard the career offender sentence and sentence the Petitioner to a lesser term. The court rejected this request and concluded that because Petitioner's criminal history the sentencing range under the career offender provision was appropriate. The court sentence Petitioner at the low end of the guidelines to serve 151 months in the Federal Bureau of Prisons. A timely notice of appeal was filed.

**The Appeal**

On March 9, 2004, the Ninth Circuit Court of Appeals appointed Attorney Allison E. Mendel to represent Petitioner on direct appeal. **See,** Dk. at 69. Upon learning of her appointment, Petitioner contacted counsel and informed her that his California convictions were for mere possession of a controlled substance and specifically asked her to challenge the district court findings regarding the career offender enhancements. But for reasons beyond Petitioner's ken, in her opening brief counsel argued:

> "Blakely[1] Requires A Jury Verdict Or Admission Of Predicate Conviction If The Convictions Are Used To Enhance A Defendant's Sentence"

---

[1] This argument is foreclosed by Blakely itself. See, United States v. Quintana-Quintana, 383 F.3d 1052 (9th Cir. 2004); also see government's brief on direct appeal at 17.

(3)

**See, exhibit C at 5.**

What is more, before Petitioner's direct appeal was decided, the Supreme Court issued its opinion in **United States v. Shepard, 125 S. Ct. 1254,** clarifying its holding in **Taylor v. United States, 495 US 575** and explaining how district courts must review prior convictions for the purpose of enhancements under the sentencing guidelines. Despite this important decision, counsel failure to file a supplementary brief.

### Argument

I.

**The Petitioner is Entitled to Relief Under 28 USC § 2255**

Under **28 USC § 2255**, a defendant is entitled to relief if, among other things, the jjudgement violates the constitution or law of the United States; the court lacked jurisdiction to enter the judgement; the sentence exceeded the maximum allowed by law; or the judgement of sentence is otherwise subject to collateral review.

II.

**The Petitioner Was Denied Effective Assistance of Counsel On Appeal Where Counsel Failed To Challenge The District Court's Application Of U.S.S.G. § § 4B1.1 and 2, Finding And Sentencing Petitioner As A Career Offender**

Petitioner's attorney provided ineffective assistance by failing to raise on appeal whether the district court erred by increasing Petitioner's sentence pursuant to **U.S.S.G. § § 4B1.1 and 2** - career offender provisions. To be clear, where the issue leaps off the pages at the most uneducated person, counsel neglected to assert on appeal that Petitioner's 1996 California conviction for possession of a controlled substance pursaunt to C.H.S.C. § 11351 was not and

(4)

is not a controlled substance offense under the guidelines. Thus, Petitioner submits that her failure to do so was objectively unreasonable and, but for the error, the result of the proceeding would have been different. **See, Strickland v. Washington, 466 US 668,687 104 S.Ct.2052,2064, 80 L. Ed. 2d 674 (1984), Frazer v. United States 18 F.3d 778,782 (9th Cir. 1994).**

A.

Defense counsel's, both at trial and on appeal are required to raise potential constitution claims in veiw of developing law and preserved non-frivolous claims. The appropriate test is a mirror image of the performance prong of **Strickland** "effective assistance" test. In other words, if a constitutional claim is sufficiently developed so that the failure to raise it will cause procedural default of the claim, it follows logicially that failure to raise the constitutional claim also constitutes "ineffective assistance." **See, United States v. Holland 380 F.Supp. 2d 1264,1274 (N.D. Ala 2005).**

Although the Petitioner was already on appeal at the time the Court issued its decision in **Shepard**, affirming **Taylor**, "holding that respect for congressional intent and avoidance of collateral trials require that evidence of generic convictions be confined to records of the - convicting court approaching the certainty of the record of conviction in a generic crime state." **Shepard, Id. at 125 S. Ct. 1261 (emphasis added).** Equally significant, if not more, even if the Court had not decided **Shepard** during the pendency of of Petitioner direct appeal, the record was as such and the claim had been preserved. **See, Cirilo-Munoz v. United States, 404 F.3d**

(5)

527,531 (1st Cir. 2005)(finding ineffective assistance of counsel where attorney objected to enhancement based on "very thin evidence" at sentencing but did not raised argumet on appeal).

**B.**

**There Is A Reasonable Probability That, But For Counsel's Unprofessional Errors, The Result Of The Proceeding...... Would Have Been Different**

In 1995, the Petitioner was arrested, charged and indicted for violating:

C.H.S.C. § 11351: Possession or Purchase For Sale Of a Designated Controlled Substance;

> "Except as otherwise provided in this division, every person who possess for sale or purchase for the purpose for sale (1) any controlled substance specified in subdivision (b), (c), or (e) of section 11054, specified in paragraph (14), (15), 0r (20) of subdivision 11054, or specified in subdivision (b) or (c) of section 11055, or specified in subdivision (h) of section 11055, or (2) any controlled substance classified in schedule III, IV, or V which is a narcotic drug, shall be punished by imprisonment in the state prison for two, three, or four years."

**See, exhibit D**

At a change of plea hearing in this matter on August 7, 1996, the court, defense counsel, defendant/Petitioner, in the presents of the state's attorney, the following was recorded:

> **The Court:** You also understand this is a three year prior conviction. That means if you come back before any court in the future for the same or similar type of offense, possession, or possession of a controlled substance for sale, that you would be facing an additional three years because of this year.
>
> Do you understand that?
>
> **Mr. Schultz:** It's just possession not possession for sales.
>
> **The Court:** It's a possession not possession for sale. If I said that, I misspoke.

(6)

    **Mr. Schultz: You're correct. Thank you.**

**See, exhibit E at 5.**

  Upon accepting Petitioner's plea the court stated as follows:

  **The Court:** The Court will incorporate the plea of guilty or no contest and waiver of constitutional rights form as a portion of th e record.
  The Court will fine a free, intelligent, and voluntary waiver of the rights.
  To the allegation, Mr. Wilson, that on or about December the 14th of 1995, you did commit a violation of section 11351 of the Health and Safety Code, this controlled substance being cocaine, to that allegation what is your plea?

  **The Defendant:** No contest.

  **The Court:** Do you understand a **no** contest plea for the purpose of this court is the same as a guilty plea, and that's the way the court consider it?

  **The Defendant:** Yeah.

  **The Court:** The Court would accept the plea, find it's freely and voluntary entered.

**Id. at 16-17**

  In **Shepard** the Supreme Court held that in determining whether a prior offense was a qualifying predicate offense for ACCA purpose, the sentencing court could look only to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and explicit factual finding by the trial judge to which the defendant assented." **Id. at 125 S. Ct. 1257.**

  Here, after reviewing the statutory language of § 11351 and finding it met the defenition of a "controlled substance" offense under the guideline, the district court give little or no consideration to the change of plea transcripts where the court explictly states that the crime to which the defendant plead guilty was for "possession" and <u>not</u> possession for sales. The court accepted the defendant's plea where nothing more happened.

(7)

In **United States v. Palacios-Quinonez**, 431 F.3d 471,474 n.1., (5th Cir. 2005), where the defendant alleged that his California conviction for <u>possession for sale</u> of cocaine did not qualify as a drug trafficking offense under **U.S.S.G. § 2L1.2** because he did not receive a sentence of thirteen months or more. He further averred that although "possession for sale" qualifies as a drug taffficking offense, "purchase for sale" does not and thus the enhancement was improper because it was impossible to determine under which prong of the statute he was convicted. **Id. at 473-74.**

Unpersuaded by the defendant submissions, the court disagreed and affirmed **Palacios-Qiinonez** sentence and conviction but in a footnote added:

> "There is no evidence that **Palacios-Quinonez** was convicted under the "possession" prong of the statute, other than his statement at a hearing in the instant case that drugs that were not his were found in his car. That statement is not proper evidence for this court. The abstract of judgement is also inconclusive and in any event is not proper evidence for us to consider under **Taylor**."

**Id. at 474, n.1**

In the case sub judice, the evidence pointing to conviction for "mere possession" is overwhelming, beyond a reasonable doubt and thus cannot be denied. The Petitioner, with all due respect, maintains that the district court's failure to give judicially noticable facts(change of plea transcript) amply consideration and look only to the elements rather than to the facts underlying the conviction was error under **Taylor/Shepard** analysis.

In **Taylor**, the enhancement statute at issue made any buglary conviction the basis for an enhancement . **Id. 495 US at 588-90, 110 S. Ct. at 2153.** The circuit court held that the sentencing court could look

behind the defendant's plea and enhance the sentence because, regardless of the conviction, the original charge was for burglary. **Id. 495 US at 578, 110 S. Ct. at 2148.** In reversing the circuit court, the Supreme Court noted that "if a guilty plea to a lesser, nonburglary offense was the result of a plea bargain, it would seem **un**fair to impose a sentence enhancement as if the defendant hhad pleaded guilty to burglary." **Id. 495  US at 601-02, 110 S. Ct. 2160.**

Moreover, the guidelines stress that "the conduct of which the defendant was convicted is the focus of the inquiry. **See, U.S.S.G. § 4B1.2, comment. (n.2).** Therefore, a district court may not rely on a charging  document with out first establishing that the crime charged was the same crime for  which the defendant was convicted- as was done here.

C.

**The Error Was Objectively Unreasonable And Prejudicial**

In order to show ineffectiveness, a petitioner must first show "that counsel's  performannce  was deficient." **Strickland, Id. 466 US at  687.** If that hurdle is cleared, the petitioner must then show "that the deficient performance prejudiced the defense." **Id.** That is, "the defendant must prove that there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. **See, United States v. Span, 75 F.3d 1383, 1388 (9th Cir. 1996).**

Here, the claim of prejudice is that, had Petitioner's appellate counsel raise this claim on appeal, the Ninth Circuit would have remanded the case for resentencing(a different result than occurred, in other words). This court is essentially in the position of a

(9)

virtual court of appeals: **i.e.**, looking at the issue as would the appellate court have done, it must determine whether there is a reasonable probability that court would have remanded for resentencing. If so, then prejudice is proven, and the remedy is to grant **Resentencing**.

### Conclusion

For the reasons set forth above, the Court should vacate the sentence and, after a new pre-sentence investigation and hearing, resentence the defendant.

**Respectfully submitted,**

*Jason Wilson*
Jason Wilson
Reg. No. 14495-006
United States Penitentiary
3901 Klein Blvd
Lompoc, CA 93436

**Pro Se**

(10)