# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **PRESENTENCE INVESTIGATION REPORT** |
| vs. | ) | |
| | ) | **Docket No. A02-0086-001 CR (JWS)** |
| Jason Fredrick Wilson | ) | |

---

**Prepared For:**     **The Honorable John W. Sedwick**
Chief U.S. District Court Judge

**Prepared By:**     **Barbara Nichols**
U.S. Probation/Pretrial Services Officer
(907) 271-5499

**Assistant U.S. Attorney**
Stephan Collins
222 West 7th Avenue, #9
Anchorage, Alaska 99513
(907) 271-5071
FAX: (907) 271-1500

**Defense Counsel**
William Bryson
1015 West 7th Avenue
Anchorage, Alaska 99501
(907) 276-8611
FAX: (907) 258-1516

**Sentence Date:**     February 25, 2003

**Offense:**     Count 1:   Conspiracy to Possess with Intent to Distribute a Controlled
Substance, 21 U.S.C. § 846, a Class C felony

Penalty:   20 years imprisonment, $1,000,000 fine, at least three years
supervised release

**Release Status:**     Detained since August 26, 2002

**Detainers:**     None

**Codefendants:**     Wayne Anthony Tolver, aka "Kevin Staples"

**Related Cases:**     Charlene Marie Cortez - A02-0088-001 CR (RRB) - Pending Sentencing

Samantha Hatten - A02-0088-002 CR (RRB) - Sentenced

**PreSentence Reoprt**
**Exhibit "A" (5) pager**

**Date Report Prepared:** January 15, 2003          **Date Report Revised:** February 7, 2003

PRESENTENCE REPORT - WILSON, Jason Fredrick

### Obstruction of Justice/Reckless Endangerment

23. The probation officer has no information suggesting that the defendant impeded or obstructed justice, or that the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

### Acceptance of Responsibility

24. The defendant pled guilty in Court agreeing to the facts which constitute the essential elements of the count of conviction.

### Offense Level Computation

25. The guidelines amended November 1, 2002, will be in effect at the time of sentencing, and were used in the preparation of this report.

26. **Base Offense Level**: The U.S. Sentencing Commission guideline for a violation of 21 U.S.C. § 846 is found in U.S.S.G. § 2D1.1. If the offense involved more than 500 grams but less than 2 kilograms of cocaine, the base offense level is 26. The offense involved 1,836.1 grams of cocaine; therefore, the base offense level is 26. U.S.S.G. § 2D1.1(c)(7).
**26**

27. **Specific Offense Characteristic**: If the defendant meets the criteria set forth in subdivisions (1) - (5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decrease by 2 levels. In this case, the defendant has more than one criminal history point; therefore the "safety valve" provision does not apply.
**0**

28. **Victim Related Adjustment**: None.
**0**

29. **Adjustment for Role in the Offense**: If the defendant was an organizer, leader, manager, or supervisor in any criminal activity, increase by two levels. The defendant and Staples recruited Hatten and Cortez to be couriers for the transportation of cocaine from California to Anchorage, Alaska. Both Wilson and Staples flew Cortez to Anchorage on a "trial run," where Wilson and Staples met with an individual regarding the price of narcotics. On August 26, 2002, Wilson met Hatten and Cortez at his mother's residence in Moorefield and provided Hatten and Cortez each with a one kilogram package of cocaine to conceal on their bodies. Therefore, because Wilson had a supervisory role over the two couriers, the offense level is increased two levels.
**+2**

30. **Adjustment for Obstruction of Justice/Reckless Endangerment**: None.
**0**

31. **Adjusted Offense Level (Subtotal)**:
**28**

32. **Career Offender**: The defendant was at least eighteen years old at the time of the offense of conviction, the offense of conviction is a felony that is a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense, therefore the defendant qualifies as a career offender. U.S.S.G. § 4B1.1. If the offense level for a career offender from the table in U.S.S.G.

February 7, 2003

def ? trafficking ⟹ (?)

007

PRESENTENCE REPORT - WILSON, Jason Fredrick

§ 4B1.1 is greater than the offense level otherwise applicable, the offense level from U.S.S.G. § 4B1.1 shall apply. The defendant's offense level is 28 and the offense level from U.S.S.G. § 4B1.1(A) is 32; therefore, the defendant's offense level is 32.    **32**

33. **Criminal Livelihood**: Not applicable.    **0**

34. **Armed Career Offender**: Not applicable.    **0**

35. **Adjustment for Acceptance of Responsibility**: If the defendant clearly demonstrates acceptance of responsibility for his offense, and timely notified the authorities of his intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial, decrease the offense level by three levels. U.S.S.G. § 3E1.1(a) and (b)(2). The defendant admitted his conduct and timely notified the government of his intention to enter a plea of guilty. Therefore, a three-level reduction is appropriate.    **-3**

36. **Total Offense Level:**    **29**

Offense Behavior Not Part of Relevant Conduct

37. None known.

## PART B.    THE DEFENDANT'S CRIMINAL HISTORY

38. According to the Alaska Public Safety Information Network (APSIN), the National Crime Information Center (NCIC) under FBI number 174011WA5, and the National Law Enforcement System (NLETS) for California, Nevada, and Wyoming, the defendant has the following prior juvenile criminal history in the State of California and prior adult criminal history in California, Nevada, and Wyoming.

Juvenile Adjudications

39. On September 2, 1993, in Stockton, California, the defendant was charged with Battery with Serious Bodily Injury and was sentenced to Juvenile Hall.

40. Paragraph deleted.

Criminal Convictions

| | DATE OF ARREST/ SUMMONS | CONVICTION/ COURT | DATE SENTENCE IMPOSED/DISPOSITION | GUIDELINE | POINTS |
|---|---|---|---|---|---|
| 41. | 10/19/1994 (Age 18) | Unlawful Possession of a Controlled Substance/ Carbon County Sheriff's Office/Wyoming | 10/19/1994: Misdemeanor; 1 day jail, $20 Court cost | 4A1.2(e) | 0 |

Information pending

008

PRESENTENCE REPORT - WILSON, Jason Fredrick

| 42. | 4/1/1995<br>(Age 19) | Possession of<br>Controlled<br>Substance/<br>Reno, NV | 4/13/1995: $325 fine | 4A1.2(e) | 0 |

Original charges reduced to misdemeanor possession of drug charge.

| 43. | 3/30/1996<br>(Age 20) | Obstruct/Resist<br>Public Officer/<br>County of San<br>Joaquin/<br>Stockton, CA<br>SM188700 | 4/26/1996: 1 day jail, 3 yrs.<br>probation | 4A1.1(c) | 1 |

According to the Complaint, on March 30, 1996, the defendant willfully and unlawfully resisted, delayed, and obstructed a public officer of the Stockton Police Department in the discharge of the officer's duties. On April 10, 1996, a Misdemeanor Arrest Warrant was issued.

*[handwritten annotation: suspended (?)]*

*[handwritten annotation: total time (?)]*

| 44. | 12/14/1995<br>(Age 20) | Possession or<br>Purchase of a<br>Controlled<br>Substance/<br>County of San<br>Joaquin/<br>Stockton, CA<br>95-64333 CR | 9/18/1996: 2 yrs. jail, $500<br>fine<br>7/13/1998: Violation of<br>Parole - Remanded to<br>Custody<br>4/14/1999: Violation of<br>Parole - Remanded to<br>custody | 4A1.1(a) | 3 |

*[handwritten annotation: trafficking (?) / element of offense of conviction]*

The defendant was represented by attorney Paul E. Shultz, Deputy Public Defender of the County of San Joaquin. According to the Indictment, on or about December 14, 1995, the defendant was charged with the Sale of Transportation of a Controlled Substance, in that the defendant unlawfully transported cocaine into the State of California. On August 7, 1996, the defendant entered a Nolo Contendre to Count 1, Possession or Purchase for Sale of a designated Controlled Substance in violation of Section 11351 of the California Health and Safety Code, in Superior Court of California, County of San Joaquin. On September 18, 1996, the defendant was sentenced and remanded into the custody of the Department of Corrections.

| 44a. | 12/28/00<br>(Age 25) | Possession of<br>Cocaine For Sale/<br>Stockton, CA<br>SF081719A | 8/2/01: 4 yrs. jail, $200<br>restitution, and registration<br>as a narcotic offender | U.S.S.G. §<br>4A1.1(a) | 3 |

February 7, 2003                    6

PRESENTENCE REPORT - WILSON, Jason Fredrick

The defendant was represented by counsel, G. Hickey. According to a Stockton Police Department report, on December 28, 2000, the defendant and another individual were found to be in possession of 8.28 grams of rock cocaine and $954.00 in cash after they were detained in front of an address where a narcotic related search warrant was being served. The defendant was on parole at the time. On March 12, 2001, the defendant was named in a one-count Complaint with Possession of Cocaine for Sale. On March 13, 2001, a $20,000 arrest warrant was issued. On May 15, 2001, the defendant failed to appear in court. On June 23, 2001, the arrest warrant was served. On August 2, 2001, the defendant was present in custody for an arraignment. The defendant waived formal arraignment. The defendant with counsel entered a plea of guilty to the one-count Complaint. The Court accepted the defendant's plea of guilty and imposed a four-year term of imprisonment, $200 restitution, and required the defendant to register as a narcotic offender. The defendant as also granted a one-day credit for time served. Execution of the Judgment was set for August 17, 2001 in Stockton Superior Court. The defendant was released on his own recognizance. On August 17, 2001, the defendant failed to appear at the hearing. A bench warrant was issued. According to the Superior Court record, the defendant is to be committed to state prison for a four year sentence imposed, upon booking on the bench warrant.



## Criminal History Computation

45. The criminal convictions above result in a subtotal of seven criminal history points. U.S.S.G. Ch. 5, Pt. A.

45a. At the time the instant offense (including any relevant conduct) was committed, the defendant was on escape status for the sentence of August 2, 2001. Two points are added. U.S.S.G. § 4A1.1(d).[2]

45b. The instant offense (including any relevant conduct) was committed less than two years following the defendant's release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. The defendant failed to appear at the execution of the Judgment hearing on August 17, 2001, and is therefore, in escape status. An additional one point is added. U.S.S.G. § 4A1.1(e).

45c. The total of the criminal history points is ten, establishing a criminal history category of V. U.S.S.G. Chapter Five, Part A. However, since the defendant is considered to be a career offender the criminal history category is VI. U.S.S.G. § 4B1.1.

## Other Criminal Conduct

46. On July 11, 1990, the defendant was charged in a three-count Complaint with Exhibition of Speed, Driver's License Not in Possession, and No Registration Card in Vehicle. On July 29, 1996, the defendant was sentenced to a suspended imposition of sentence, and three years probation.

47a. According to a six-count Complaint, on January 16, 1994, the defendant allegedly

---

[2] According to court documents, on August 2, 2001, a sentence of 4 years imprisonment was imposed, prior to the execution of the Judgment, which had been scheduled for August 17, 2001, the defendant was released on his own recognizance. On August 17, 2001, the defendant failed to appear at the execution of Judgment hearing to begin serving the four year sentence. According to U.S.S.G. § 4A1.2(n), For the purposes of U.S.S.G. § 4A1.1(d) and (e), failure to report for service of a sentence of imprisonment shall be treated as an escape from such sentence.

February 7, 2003                    7