William P Bryson
Law Office of William P Bryson
1015 West Seventh Avenue
Anchorage, Alaska 99501
907-276-8611

Attorney for Defendant Jason Fredrick Wilson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | A-02-0086 CR (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JASON FREDRICK WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST
FOR DOWNWARD CRIMINAL HISTORY DEPARTURE**

COMES NOW, Defendant Jason Fredrick Wilson, by and through counsel, William P. Bryson, and files with the Court his Sentencing Memorandum and files his request that the Court depart downward on his Criminal History, and not find him to be a Career Offender under the applicable Sentencing Guidelines and facts. This requested departure and ruling is based upon the material contained in the presence report, records from the 1995 California conviction, the court notes from the 2001 California conviction, and the United States Sentencing Commission Guidelines and application notes. Defendant further requests that he be granted the

Defendant's Sentencing Memorandum                    005
Exhibit "B", 6 Pages

downward adjustment of 3 levels based on extraordinary acceptance of responsibility despite Guideline changes enacted by the "Feeney Amendment" signed into law on April 30, 2003, due to the fact that applying this change to Wilson would violate the "Ex Post Facto Clause" of the United States Constitution.

## HISTORY

Jason Wilson was arrested on August 26, 2002, in Anchorage and subsequently indicted for Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. 846. On December 9, 2002, Wilson appeared before this Court and entered a guilty plea not pursuant to any written plea agreement, with both the Government and the Defendant free to argue upward or downward departures, and with no agreement as to Criminal History.

A draft presentence report dated January 15, 2003, was distributed to counsel for review. This report calculated a total offense level of 25 and a criminal history category of III, resulting in a guideline imprisonment range of 70 to 87 months. The report referenced pending charges in California, the details of which had been requested from the U.S. Probation Office for the Eastern District of California. No objections were filed by the Government or the Defendant to the draft report.

On February 7, 2003, an Addendum to the Presentence Report, and the final Presentence Report were distributed to counsel, and filed with the Court. This report found the Defendant to be a Career Offender, and the resulting total offense level to be 29. This Report found the criminal history category of VI, and the guideline imprisonment range to be 151 to 188 months.

Counsel requested additional time to investigate the California cases and

006

additional revisions and calculations. After two reschedulings, sentencing was set for May 6, 2003. While Counsel for the Defendant has been able to fully explore the 1995 California conviction, the 2001 California case was handled by appointed conflict counsel who entered a guilty plea with Defendant Wilson at arraignment, requested a date for Execution of Judgment and remand date at which Defendant Wilson did not appear. That Counsel is unreachable at the phone number and address listed with the State Bar of California, and presumably has the file. On May 5, 2003, upon request by Defendant's Counsel, the Presentence Report author provided counsel with court log notes of the two court proceedings in that case. They reflect that Execution of Judgment was deferred, Defendant was released on bail and given a remand date for Judgment to be issued and for him to commence a 4 year sentence. He failed to appear, and a bench warrant was issued.

## OBJECTIONS TO PRESENTENCE REPORT

Defendant objects to the finding in Paragraph 32 finding Defendant to be a Career Offender. The Author asserts that Defendant Wilson has at least two prior felony convictions for a controlled substance offense. To qualify as a predicate offense, however, it must be more than a mere possession or purchase. The offense must be one that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G 4B1.2(b). Both asserted priors in California were for violations of California Health and Safety Code Section 11351 which is a mere possession offense. (See Attachments A and B). The Court

should not look to the facts of the underlying conduct where the conviction is for a possession offense. U.S. v. Gaitan, 954 F. 2d 1005, 1008-11 (5th Cir. 1992); U.S. v. Lipsey, 40 F. 2d 1200, 1201 (11th Cir. 1994). Simple possession is not a predicate for a career offender. U.S. v. Vea-Gonzales, 999 F. 2d 1326, 1329 n. 1 (9th Cir. 1993).

Therefore Defendant Wilson receives 3 points for the offense in Paragraph 44, but it does not constitute a predicate offense for a career offender.

The charge detailed in Paragraph 44a is similarly not a predicate offense for a career offender, but must be scored differently for other reasons. In this case, Execution of Judgment was deferred although the Judge outlined his intended sentence. The Defendant was given a future date for the Execution of Sentence and remand. He did not appear and a bench warrant issued. (See Attachment B) This should be controlled by U.S.S.G 4A1.2(a)(4) which provides that "where a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under U.S.S.G. 4A1.1(c)..." U.S.S.G 4A1.1(c) is scored as 1 point, not 3 points.

Defendant Wilson also objects to Presentence Report Paragraphs 45a and 45b. Wilson was not sentenced on August 2, 2001; Execution of Judgment was scheduled for August 17, 2001. The Defendant failed to appear. Execution of Judgment did not occur; a bench warrant issued. Therefore, he was not sentenced, and should not be considered on "escape" status. He failed to appear for Execution of Judgment, not for the service of sentence. The Judge had stated his intent, but deferred Execution of Judgment until August 17 when he issued a Bench Warrant. (See Attachment B)

008

Therefore, the total of 3 points added in Paragraphs 45a and 45b should not be found by this Court.

This would result in total criminal history points of 5, not 10 as found in Paragraph 45c, placing him in Criminal History Category III, not V; and he should not be found a career offender which the Presentence Report Officer utilizes to establish Category VI. Subtracting the career offender increase of 4 offense level points decreases his total offense level to 25.

A total offense level of 25, and a criminal history category of III, subjects Wilson to a sentencing guideline range of 70 to 87 months.

### CRIMINAL HISTORY DEPARTURE

If the Court finds the above objections and calculations to be supported by the record, the argument for a criminal history level departure is less compelling. The argument, however, is mandated if a 27 year old addict of a dysfunctional upbringing is found on this unclear record to be a career offender, and has all of the additional criminal history points added from the 2001 California conviction upon which he failed to appear for the Execution of Judgment and Sentence. The Criminal History Category then would over-represent his history and status, and a downward departure should be granted.

### DRUG TREATMENT

Defendant Wilson requests that the Court recommend enrollment in the Bureau of Prisons Intensive Drug Treatment Program. This recommendation is clearly supported by the facts delineated in the Presentence Report.

009

## GUIDELINE RANGE

Defense Counsel anticipates that a detainer filed in the 2001 California case will result in Wilson, upon completion of his Federal sentence, being returned to Stockton, California, where the 4-year sentence intended by the Judge will be imposed, and be served consecutively. Therefore, the Court should consider the aggregate amount of time, and impose a sentence at the low end of the range.

DATED this 6th day of May, 2003, at Anchorage, Alaska.

LAW OFFICE OF WILLIAM P. BRYSON
Attorney for Defendant Jason F. Wilson

By: *(signature)*
William P. Bryson
AK Bar No. 7305008

CERTIFICATE OF SERVICE:

I hereby certify that on May 6, 2003, a copy of the foregoing document was served by hand on:

US Attorney's Office
222 W 7th Avenue, Rm 253
Anchorage, Alaska 99513

By: *(signature)*
William P Bryson

LAW OFFICE OF
WILLIAM P. BRYSON
1015 W. SEVENTH AVENUE
ANCHORAGE, ALASKA 99501
(907) 276-8611

010