DOCKET NO. 03-30220

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| v. ) | |
| ) | |
| JASON WILSON, ) | |
| ) | |
| ) District Court Case No. | |
| Defendant-Appellant. ) A-02-0086 CR (JWS) | |
| ) | |

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

**APPELLANT'S OPENING BRIEF**

ATTORNEY FOR APPELLANT
Allison Mendel
MENDEL & ASSOCIATES
731 W. 7th Ave, Ste 101
Anchorage, AK 99501
(907) 279-5001

**Counsel's Blakely Argument on
Appeal, 2 Page, Exhibit C**

## ARGUMENT

## STANDARD OF REVIEW

The district court's interpretation and application of the Sentencing Guidelines is reviewed de novo.[31] To the degree that facts are found by the judge, rather than by a jury or by admission of the defendant, and those facts serve as the basis for aggravating the defendant's sentence, plain error has been committed because such a finding violates the defendant's Sixth Amendment right to a jury trial.[32]

**I.   *BLAKELY* REQUIRES A JURY VERDICT OR ADMISSION OF PREDICATE CONVICTIONS IF THE CONVICTIONS ARE USED TO ENHANCE A DEFENDANT'S SENTENCE.**

Wilson's base offense level in this case was based on the amount of drugs allegedly involved in his crime.[33] His sentence was enhanced based on his state criminal history, the facts of which were not proved or admitted to.[34] Wilson now argues that it was unconstitutional to base his sentence on his prior convictions that were neither admitted to nor proved to a jury.

---

[31] *See United States v. Park*, 167 F.3d 1258, 1260 (9th Cir. 1999).
[32] *See Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004); *United States v. Ameline*, No. 02-30326, slip.op. at 26-27 (9th Cir. July 21, 2004).
[33] *See* Sealed E.R. at 7.
[34] *See id.* at 7-8, 10, 14.