DUPLICATE ORIGINAL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

---oOo---

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, ) ) ) Plaintiff, ) vs. ) ) JASON FREDRICK WILSON, ) ) Defendant. ) | No. SCO60202B & SCO60549A Dept. 11 CHANGE OF PLEA |

Wednesday, August 7, 1996 - 8:45 a.m.

The above-entitled matter came on regularly at the date and time above set forth, before the HON. MICHAEL E. PLATT, Judge of said Superior Court, for the purpose of change of plea.

APPEARANCES OF COUNSEL:

RICHARD VLAVIANOS, Deputy District Attorney, County of San Joaquin, 222 East Weber Avenue, Room 202, Stockton, California, 95202, appeared as counsel for and on behalf of the People.

PAUL E. SCHULTZ, Deputy Public Defender, County of San Joaquin, 102 S. San Joaquin Street, Room 401, Stockton, California, 95202, appeared as counsel for and on behalf of the defendant.

Change of Plea Transcript
Exhibit "E", 11 Pages

Reported by: DENISE WHEELER, C.S.R. No. 8254

011

0040

2

1    (The above-entitled parties being present
2    the following proceedings were had:)
3    ----oOo----
4
5    THE COURT: There's a motion on behalf of the
6    People as to Mr. Wilson?
7    MR. SCHULTZ: There's just a couple of
8    nuances I want to point out to the Court.
9    Mr. Wilson is requesting a six-week stay. And I've
10   been talking with Mr. Vlavianos yesterday, and he didn't
11   oppose that.
12   The understanding would be that Mr. Wilson did not
13   report to this courtroom at the right date and time, it
14   would be his understanding the Court would not be bound by
15   the two-year low term disposition which is your usual
16   policy.
17   THE COURT: That's correct.
18   Motion on behalf of the People as to the allegations in
19   Count 1.
20   MR. VLAVIANOS: Move to amend to a violation
21   of Health and Safety Code Section 11351, possession for sale
22   of cocaine, in anticipation of a plea on the same date.
23   THE COURT: Motion is granted.
24   Mr. Wilson, the Court is in receipt of the plea of
25   guilty or no contest and waiver of the constitutional rights
26   form.
27   First of all, your attorney has mentioned the request
28   for a stay, and I'm going to give you that stay. And he's

012

0041

```
                                                                    3
 1    right, I give it under those terms and conditions.
 2         But you need to understand the request for the stay has
 3    nothing to do with the plea. You either enter your plea
 4    today or not regardless of whether I would give a stay or
 5    not.
 6         Do you understand that?
 7              THE DEFENDANT: Yes.
 8              THE COURT: There's a couple of things we
 9    need to talk about. It's been indicated to me you're going
10    to enter a no contest plea to a violation of Health and
11    Safety Code Section 11351 of the Health and Safety Code as
12    the indictment has now been amended with the indication the
13    Court would be imposing the lower term of two years in
14    stated prison.
15         Is that your understanding?
16              THE DEFENDANT: Yes, sir.
17              THE COURT: The additional counts in 60550
18    and 60549 are going to be dismissed.
19         You understand if I grant that stay, I grant it and it
20    becomes an open plea. That means if you do not come back or
21    if you pick up another offense, this plea will stand and you
22    can be sentenced to up to four years in state prison.
23         And you need to understand --
24              THE DEFENDANT: Right.
25              THE COURT: And you need to bank on that
26    because if that would happen, you would certainly get more
27    than the two years. The question would be would I give you
28    three or four.
                                                                   013
```

4

```
 1            THE DEFENDANT:  I understand.
 2            THE COURT:  The maximum punishment for this
 3   offense would, in fact, be four years in state prison and a
 4   $10,000 fine.
 5       Do you understand that.
 6            THE DEFENDANT:  Yes?
 7            THE COURT:  You need to understand that upon
 8   your release from state prison, you'll be placed on parole.
 9   You'd be on parole for up to four years subject to having
10   your parole violated for up to one year at a time for a
11   total of four years.
12       Do you understand that?
13            THE DEFENDANT:  Yes.
14            THE COURT:  You also need to understand the
15   fact that you serve time in state prison on the matter means
16   if you come back before any court in the future for any
17   felony offense, the fact that you have served time in state
18   prison on this matter would mean they could add one year to
19   any future punishment because of that matter.
20       Do you understand that?
21            THE DEFENDANT:  Yes.
22            THE COURT:  You also need to understand this
23   is a three-year prior conviction.  That means if you come
24   back before any court in the future for the same or similar
25   type of offense, possession or possession of a controlled
26   substance for sale, that you would be facing an additional
27   three years because of this year.
28       Do you understand that?
```

014

0043

5

1          MR. SCHULTZ: It's just possession not
2  possession for sales.
3          THE COURT: It's a possession not possession
4  for sales. If I said that, I misspoke.
5          MR. SCHULTZ: You're correct. Thank you.
6          THE COURT: Where did I leave off?
7      You understand that you have a right to a jury trial in
8  this matter.
9          THE DEFENDANT: Yes, sir.
10         THE COURT: Do you give up that right?
11         THE DEFENDANT: Yeah.
12         THE COURT: Do you understand you have a
13 right to confront and cross-examine witnesses against you?
14         THE DEFENDANT: Yes.
15         THE COURT: Do you give up that right?
16         THE DEFENDANT: Yes.
17         THE COURT: You understand you have a right
18 to present evidence on your own behalf either through
19 witnesses or documents brought into court.
20     Do you give up that right?
21         THE DEFENDANT: Yes.
22         THE COURT: Do you understand you have a
23 right under the Fifth Amendment to remain silent and not say
24 anything to incriminate you in any fashion and also have a
25 right to testify on your own behalf if you chose to do so?
26     Do you understand those rights?
27         THE DEFENDANT: Yes.
28         THE COURT: Do you give up those rights?

6

1   THE DEFENDANT: Yes.

2   THE COURT: One additional consequence is
3   that you would be required to register pursuant to Section
4   11590 of the Health and Safety Code as a narcotic violator.
5   Do you understand that?

6   THE DEFENDANT: Yes.

7   THE COURT: You've gone over the plea of
8   guilty and no contest and waiver of the rights read and
9   initialed those portions that apply to you; is that correct.

10   THE DEFENDANT: Yes, sir.

11   THE COURT: Do you have any questions about
12   anything in that document?

13   THE DEFENDANT: No.

14   THE COURT: Do you have any questions about
15   anything that you've read and initialed?

16   THE DEFENDANT: No.

17   THE COURT: Do you have any questions about
18   anything that I've spoken to you about this morning?

19   THE DEFENDANT: No.

20   THE COURT: Mr. Schultz, you've had an
21   opportunity to go over the plea form with your client.
22   Do you feel he understands the consequences of his plea
23   and the rights he's giving up?

24   MR. SCHULTZ: Yes.

25   THE COURT: The Court will incorporate the
26   plea of guilty or no contest and waiver of constitutional
27   rights form as a portion of the record.

28   The Court will find a free, intelligent, and voluntary

```
                                                                      7
 1    waiver of the rights.
 2         To the allegation, Mr. Wilson, that on or about
 3    December the 14th of 1995, you did commit a violation of
 4    Section 11351 of the Health and Safety Code, this controlled
 5    substance being cocaine, to that allegation what is your
 6    plea?
 7              THE DEFENDANT:  No contest.
 8              THE COURT:  Do you understand a no contest
 9    plea for the purpose of this court is the same as a guilty
10    plea, and that's the way the Court considers it?
11         Do you understand that?
12              THE DEFENDANT:  Yeah.
13              THE COURT:  The Court would accept the plea,
14    find it's freely and voluntarily entered.
15         Motion on behalf of the People as to the remaining
16    allegations -- that is just to Mr. Rash, I guess.  Never
17    mind that's just as to Mr. Rash.
18              MR. VLAVIANOS:  Probation denial.  I'll move
19    to strike that.
20              THE COURT:  The two files in 60550 and 60549?
21              MR. VLAVIANOS:  60549 move to dismiss in the
22    interest of justice and in view of the plea.
23         And 60550 I'll make the same motion due to
24    insufficiency of the evidence due to the unavailability of
25    the victim.
26              THE COURT:  Motion is granted.
27         Stipulate there's a factual basis for the entry of the
28    plea in the grand jury proceedings?
                                                             017
```

8

1         MR. VLAVIANOS: Yes.

2         MR. SCHULTZ: Yes.

3         THE COURT: The Court has reviewed the
4 transcript and we've discussed the matter. The Court would
5 find there's a factual basis for the entry of the plea.
6 Put the matter over for six weeks.

7         MR. SCHULTZ: Actually I'm -- I don't mean to
8 be obstructive, but I -- reflecting on the indictment I
9 can't stipulate to a factual basis based on the indictment
10 alone because they never mention at the grand jury
11 proceeding this is one of two identical twins. So there is
12 an identity issue, but they never explicitly differentiate
13 him for his brother.

14 Maybe Mr. Vlavianos can articulate for the record why
15 it's Mr. Wilson -- Jason not Quincy.

16         THE COURT: We had that discussion earlier.
17 If you want to include that along with the information in
18 the grand jury, I find there's a sufficient basis for it.

19         MR. VLAVIANOS: Officer Martinez who went in
20 to make the identification recognized this defendant as one
21 of the twins. He ran. Officer Martinez chased him, stopped
22 him, took him down to the police department and
23 fingerprinted him and photographed him.

24         THE COURT: Do you want to include that in
25 the stipulation, Mr. Schultz?

26         MR. SCHULTZ: Thank you.

27         THE COURT: The Court would find there's a
28 factual basis for the entry of the plea.

018

9

1     Put the matter over for pronouncement of judgment.
2     Waive a probation report?
3             MR. SCHULTZ: Yes, we do.
4             THE COURT: Mr. Wilson, you have a right
5     actually to having the -- we're going to put it on beyond
6     the normal 20 days so you can complete whatever matters you
7     feel it is you need to take up in the next six weeks and
8     waive a probation report.
9     We'll put it over to September the 18th. Otherwise you
10    have a right to be sentenced within 20 days and to have a
11    probation report.
12    Do you wish to waive that right?
13            THE DEFENDANT: Yes.
14            THE COURT: Put the matter over to September
15    the 18th at 8:30 back in this department.
16    Failure to return at that time on that date September
17    the 18th at 8:30 right back here will be a violation of the
18    terms and conditions of the agreement. And you will buy
19    yourself additional time. You need to understand that.
20            MR. SCHULTZ: Is that --
21            THE COURT: September the 18th is a
22    Wednesday.
23            MR. SCHULTZ: Is that six weeks?
24            THE COURT: That is six weeks from today to
25    the day.
26            MR. SCHULTZ: Yeah.
27            THE COURT: Pick up any new offenses as I
28    indicated earlier, and you are going to be looking at

10

1 additional time.

2 During the time that you are remaining out of custody,
3 you are to submit to the following kinds of search and
4 seizure at any time of the day or night by any peace officer
5 or probation officer without the requirement of probable
6 cause or your consent or search warrant and without notice
7 of your person, place of residence, temporary abode or motor
8 vehicle registered to you or you're driving, your personal
9 effects.

10 Search condition would be for narcotics, drugs or other
11 contraband.

12 Any stay-away orders, Mr. Vlavianos?

13 MR. VLAVIANOS: The area of the transaction.

14 MR. SCHULTZ: Mormon Slough and Sutter.

15 THE COURT: Also stay out of the area of
16 Morman Slough and Sutter.

17 I take it the request for the stay for six weeks is
18 because you have other things to do. Stay out of there. If
19 they see you there, they're going to pop you and you'll be
20 taken into custody, and you bought yourself additional time.

21 Back here September the 18th at 8:30.

22

23 (Proceedings concluded.)

24 ----oOo----

25

26

27

28

020

0049

11

1  STATE OF CALIFORNIA    )
                          ) ss.
2  COUNTY OF SAN JOAQUIN  )

3

4         I, DENISE WHEELER, Official Court Reporter,

5  of the Superior Court of the State of California, do hereby

6  certify:

7         That I was present in the Superior Court, County

8  of San Joaquin, State of California, at the hearing of the

9  above-entitled matter, that at said time and place, I took

10 down in shorthand notes all the testimony given and

11 proceedings had; that I thereafter caused said shorthand

12 notes to be transcribed into longhand typewriting by

13 computer-aided transcription, the above and foregoing being

14 a full, true and correct transcript of all testimony taken

15 and proceedings had.

16

17

18

19                        _____
                                Official Court Reporter
20                              C.S.R. No. 8254

21

22

23

24

25

26

27

28                                                      021

                                                        0050