NELSON P. COHEN
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JASON FREDRICK WILSON,<br><br>　　　　　Defendant. | ) Case No. 3:02-CR-00086-JWS<br>)<br>)<br>)<br>) MOTION TO DISMISS<br>) UNTIMELY FILED<br>) 28 U.S.C. § 2255 PETITION<br>)<br>)<br>)<br>) |

　　　　On August 7, 2007, Jason Fredrick Wilson, the defendant, apparently placed in the Federal Bureau of Prisons mailing system his petition to vacate, set aside, or correct his sentence made pursuant to 28 U.S.C. § 2255.  The United States moves to dismiss Wilson's petition as time barred.  If the Court denies this motion, the United States will then seek leave to file a response to Wilson's petition to vacate.

On May 7, 2003, following Wilson's guilty plea to a violation of 21 U.S.C. § 846, the Court entered its judgment of conviction and sentenced Wilson to serve a term of 151 months of imprisonment.  Thereafter, Wilson appealed his sentence.  On December 12, 2005, in an unpublished decision, the Ninth Circuit Court of Appeals remanded Wilson's appeal back to this Court for sentencing proceedings consistent with *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005). *United States v. Wilson*, No. 03-30220, 2005 WL 3365067 at *1 (D. Ak Dec. 12, 2005), 158 Fed. Appx. 49.  On June 6, 2006, after considering briefing by the parties, this Court issued its order addressing the issue of whether it would have imposed the same sentence upon Wilson if at the time of the original imposition of sentence the Court would have imposed the same 151 month sentence on him.  *Docket # 126.*  In that order, this Court eventually held that after considering the factors in 18 U.S.C. § 3553(a) it would have nonetheless imposed a sentence of 151 months of imprisonment on Wilson if it had known at the time of the original imposition of sentence hearing that the Guidelines were merely advisory, and did not order any further sentencing proceedings, and did not issue an amended judgement of conviction.  No appeal followed the Court's June 6, 2006 order.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, Sec. 105 (AEDPA) went into effect.  With

the enactment of the AEDPA, came a new set of rules and limitations which govern the filing of 28 U.S.C. § 2255 petitions. Under the AEDPA, 28 U.S.C. § 2255 petitions are subject to a one year statute of limitations.[1]

> Specifically, the AEDPA provides that:
>
> The limitation period shall run from the latest of —
>
> (1) the date on which the judgement of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] As the Ninth Circuit noted in *Calderone v. United States District Court for the Central District of California*, 112 F.3d 386, 391 (9th Cir. 1997), the one year period of limitation imposed in the AEDPA reflected Congress's obvious intent to "halt the unacceptable delay which has developed in the federal *habeas* process."

In the instant case, Wilson's sentence became final on June 16, 2006, because he did not appeal this Court's June 6, 2006 decision following the Ninth Circuit's *Ameline* remand. *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000). Therefore, pursuant to the filing deadlines established by the AEDPA, Wilson did not timely file the instant 28 U.S.C. § 2255 motion because he placed it in the mail more than one year after June 16, 2006.

In his motion, Wilson cites to *Dodd v. United States,* 545 U.S. 353 (2005) without further elaboration as his explanation for the timing of his mailing of the instant motion. In *Dodd*, the Supreme Court addressed the exceptions to the one year statute of limitations contained in the AEDPA, specifically it addressed exception number 3: the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *Dodd*, 545 U.S. 354. The Court held that the one year statute of limitations contained in this exception commences to run from the date the Court recognizes the new right, not from the date the Court holds the right is to have retroactive application. *Id*. at 358-9. In this matter, Wilson does not cite to any authority issued since June 16, 2006, nor does his motion present a claim based on a newly recognized right. He does not identify any newly recognized right. Instead, his petition alleges his appellate counsel rendered

ineffective assistance by failing to reverse this Court's finding that he was a Career Offender under the Guidelines, an issue he raised in his original appeal beofer the Ninth Circuit issued its *Ameline* remand. *Dodd* therefore does not excuse Wilson's failure his 28 U.S.C. § 2255 petition by June 16, 2007.

Because he has failed to establish that his 28 U.S.C. § 2255 petition falls within any exception to the AEDPA's one-year statute of limitations period, Wilson's petition is untimely and is thus time barred. The Court should therefore dismiss Wilson's petition forthright.

RESPECTFULLY SUBMITTED this day, August 21, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

**CERTIFICATE OF SERVICE**
I hereby certify that on August 21, 2007
a copy of the foregoing was mailed to:
Jason F. Wilson
Reg. No. 14495-006
United States Penitentiary
3901 Klein Blvd
Lompoc, Ca. 93436

s/ Stephan Collins