IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JASON WILSON,<br><br>　　　　　Defendant. | Case No. 3:02-cr-00086-JWS<br><br><br>ORDER TO SHOW CAUSE |

　　　　On August 14, 2007, Jason Wilson, a federal prisoner representing himself, filed a motion under 28 U.S.C. § 2255, alleging that he was denied the effective assistance of counsel in violation of his constitutional rights.[1] There is, however, a one-year limitations period in which to file a habeas petition under 28 U.S.C. § 2255.[2] Mr. Wilson alleges that the date upon which the judgment of conviction became final, through the decision of the Court of Appeals for the Ninth Circuit, was January 5, 2006.[3]

---

　　　　[1] *See* Docket No. 139.

　　　　[2] *See* 28 U.S.C. § 2255.

　　　　[3] *See* Docket No. 139 at 2; *see also* Docket No. 108 (Ninth Circuit judgment filed in this Court on January 9, 2006).

However, the Ninth Circuit remanded Mr. Wilson's case for re-sentencing under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).[4] This Court's Order re-imposing the original sentence, after briefing from the parties, was issued on June 6, 2006.[5] Mr. Wilson filed his motion under § 2255 on August 14, 2007, more than one year and 2 months after his sentence became final.

Mr. Wilson is cautioned that his action will be dismissed if he has not brought this action within the one-year time period, unless there are "extraordinary circumstances" beyond his control, which made it impossible to file his petition on time.[6]

Mr. Wilson states, without explanation, that although his motion is filed more than one year after his conviction became final, under *Dodd v. United States*, 545 U.S. 353 (2005), his appeal is still timely.[7] In *Dodd*, the Supreme Court held that

---

[4] *See* Docket No. 108

[5] *See* Docket Nos. 116, 125, 126.

[6] *See U.S. v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) ("we now specifically declare what must seem obvious to many: The statute of limitations contained in § 2255 is subject to equitable tolling."); *see also Calderon* at 1288-89 (citing, *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.), *cert. denied*, 118 S.Ct. 60 (1997), where equitable tolling of a statute was allowed for "extraordinary circumstances" when, *inter alia*, "Alverez-Machain was [wrongfully] incarcerated for over two years, facing criminal charges of the highest gravity in a foreign country whose language he did not understand"); *see also Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (lack of access to library materials does not <u>automatically</u> qualify as grounds for equitable tolling, but <u>may</u> constitute an impediment).

[7] *See* Docket No. 1 at 12.

under § 2255, paragraph 6(3), "[a]n applicant has one year from the date on which the right he asserts was initially recognized by [the Supreme] Court."[8]

Mr. Wilson will be allowed to show why his § 2255 motion should not be denied as untimely.[9] Under *Dodd,* Mr. Wright must explain which right he asserts in his motion under § 2255 was recognized by the United States Supreme Court within a year of the date he filed the motion. Mr. Wilson may also explain whether there are any extraordinary circumstances, outside of his control, which made it impossible to file his motion on time.

**IT IS HEREBY ORDERED:**

1. On or before **September 24, 2007,** Mr. Wilson must show that his motion for relief under 28 U.S.C. § 2255 has been filed in a timely manner, as explained above, or that there is some basis for equitable tolling (suspending the limitations period); otherwise his motion must be denied as untimely.

2. The Clerk of Court is directed to send Mr. Wilson a Notice Regarding Statute of Limitations to assist him in complying with this Order.

---

[8] *Dodd*, 545 U.S. at 357.

[9] *See Herbst v. Cook*, 260 F.3d at 1043 (9th Cir. 2001) ("while the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond.") (citations omitted).

3.  In the alternative, Mr. Wilson may file the enclosed notice of voluntary dismissal, without prejudice, on or before **September 24, 2007**.

4.  The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Mr. Wilson with this Order.

5.  Mr. Wilson shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 5.1(b).

6.  The Clerk of Court is directed to send a copy of our pro se handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Wilson with this Order.

DATED this 21st day of August, 2007, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge