IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA



RECEIVED
SEP 0 4 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

UNITED STATES OF AMERICA
    Plaintiff,

-vs-

JASON FREDRICK WILSON,
    Petitioner.
_____/

Case No. 3:02-CR-00086-JWS

Petitioner's Response To Government's Motion To Dismiss,
As Untimely, Petitioner's Motion Pursuant To 28 USC § 2255

In its motion to dismiss Petitioner's § 2255 petition, the United States avers that the motion is untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In so doing, they further argue that the Supreme Court desicion in Dodd v. United States, 545 US 354 (2005) does not save the Petitioner from dismissal. See, government's motion at 1 and 4-5. Simply put, the government is wrong and the law and facts to support the Petitioner's position is found below.

### Argument

The Supreme Court has examined the question of when a conviction becomes final in the context of habeas review(28 USC § 2255) in Griffith v. Kentucky, 479 US 314 (1987), the Court stated: "By "final,' we mean a case in which a judgement and conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Id. at 321 n.6. Under Teague v. Lane, 489 US 288, (1989), any constitutional rule announced after this time is considered a "new rule" and habeas relief based on that new rule is generally unavailble. Thus, the Supreme Court definiton of "final" in the context of haveas corpus

counsel in favor of Petitioner's interpretation of the statutory language in § 2255.

To be sure, in the United States v. Gracia, 210 F.3d 1058-61 (9th Cir. 2000) where the court was faced with a situation factual similar to the case at bar where the question before the court was:

> "We must decide whether the one-year limitations period for filing a motion to attack a conviction under 28 USC § 2255 runs from the date on which the court of appeals affirms the judgement or ninety days later when the time for filing a petition for writ of certiorari expires.

Id. at 1058

In that case on November 10, 1994, the defendant was convicted for violating federal drug laws. The circuit court affirmed the conviction on October 11, 1996 and issued a mandate of November 4, 1996. The issuance of the mandate was entered on the distiict court docket on November 7, 1996. Gracia choose not to file a petition for a writ of certiorari in the United States Supreme Court. His petition would have been due no later than January 9, 1997, 90 days after the entry of judgement on direct review. Id.

Instead, on January 6, 1998, the defendant filed a motion pursuant to § 2255, like the Petitioner herein, challenging his sentence. The district court denied the petition finding it untimely because the defendant filed it more than one year after the circuit court affirmed his conviction on direct appeal. Id. In overruling the district court the Ninth Circuit Court of Appaals held:

> "Following the Supreme Court's definition of finality in the context of habeas review, we hold that the one-year limitation period for a federalprisoner who does not file a petition for a writ of certiorari begins to run whien time for filing a petition expires."

Id. at 1060

(2)

    Because the government has not and cannot distinguish the facts of the instant case from those articulated by the court in <u>Graica</u>, Petitioner need go no further. Thus applying the principles of finality to the instant case, the Petitioner manitains that his § 2255 motion filed on August 7, 2007 is timely and the government must be directed to respond to the merit thereof.

                              Respectfully submitted,

                              */s/ Jason Wilson*
                              Jason Wilson
                              Reg. No. 14495-006
                              United States Penitentiary
                              3901 Klein Blvd
                              Lompoc, CA 93436

                              <u>Pro Se</u>

                          Certificate Of Service

    I, Jason F. Wilson, Petitioner herein, do hereby certify that a true and correct copy of the foregiong motion was placed in this institutional "legal mail" depository with sufficient postage attached and mailed to:

Stephan A. Collins
Assistant US Attorney
222 West 7th Ave. #9, Rm.253
Anch orage, AK 99513-7567

On the 28th day of August, 2007.

Jason Wilson
Reg. No. 14495-006
United States Penitentiary
3901 Klein Blvd
Lompoc, CA 93436








PLACE STICKER AT TOP OF ENVELOPE
TO THE RIGHT OF RETURN ADDRESS.
FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7000 0520 0022 2618 6504

U.S. PENITENTIARY LOMPOC
3901 KLEIN BLVD
LOMPOC, CA 93436

DATE: 8-29-0?

The Enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

Ida J. Romack, Clerk
United States Distict Court
222 West Seventh Ave
#4, Room 229
Anchorage, Alaska
99513-7564