IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON FREDERICK WILSON,<br><br>Defendant. | Case No. 3:02-cr-00086-JWS<br>Case No. 3:07-cv-00156-JWS<br><br>ORDER of DISMISSAL |

On August 14, 2007, Jason Frederick Wilson, a federal prisoner representing

himself, filed a motion under 28 U.S.C. § 2255, alleging that he was denied the

effective assistance of counsel in violation of his constitutional rights.[1]  The Court

reviewed the motion, and warned Mr. Wilson that there is a one-year limitations

period in which to file a habeas petition under 28 U.S.C. § 2255.[2]  On the same day

that this Court's Order to Show Cause was signed, the Government filed a motion

to dismiss, also based upon the statute of limitations.[3]

---

[1]  *See* Docket No. 139.

[2]  *See* 28 U.S.C. § 2255; *see also* Docket No. 142 (Order to Show
Cause).

[3]  *See* Docket No. 141.

Mr. Wilson originally alleged that the date upon which the judgment of conviction became final, through the decision of the Court of Appeals for the Ninth Circuit, was January 5, 2006.[4]  However, as the Court reminded Mr. Wilson, the Ninth Circuit remanded Mr. Wilson's case for re-sentencing under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).[5]  This Court's Order re-imposing the original sentence was issued on June 6, 2006.[6]  That order was not appealed. Mr. Wilson then filed his § 2255 motion on August 14, 2007.  Mr. Wilson was cautioned that his action would be dismissed if not brought within the one-year time period, unless there were "extraordinary circumstances" beyond his control, which made it impossible to file his petition on time.[7]

---

[4]  *See* Docket No. 139 at 2; *see also* Docket No. 108 (Ninth Circuit judgment filed in this Court on January 9, 2006).

[5]  *See* Docket Nos. 108, 142.

[6]  *See* Docket Nos. 116, 125, 126.

[7]  *See U.S. v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) ("we now specifically declare what must seem obvious to many: The statute of limitations contained in § 2255 is subject to equitable tolling."); *see also Calderon* at 1288-89 (citing, *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.), *cert. denied*, 118 S.Ct. 60 (1997), where equitable tolling of a statute was allowed for "extraordinary circumstances" when, *inter alia*, "Alverez-Machain was [wrongfully] incarcerated for over two years, facing criminal charges of the highest gravity in a foreign country whose language he did not understand"); *see also Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (lack of access to library materials does not <u>automatically</u> qualify as grounds for equitable tolling, but <u>may</u> constitute an impediment).

Mr. Wilson initially stated, without explanation, that although his motion was filed more than one year after his conviction became final, under *Dodd v. United States*, 545 U.S. 353 (2005), his motion was still timely.[8]  However, as both the Court and the Government explained, in *Dodd*, the Supreme Court held that under § 2255, paragraph 6(3), "[a]n applicant has one year from the date on which the right he asserts was initially recognized by [the Supreme] Court."[9]

Mr. Wilson was allowed to show why his § 2255 motion should not be denied as untimely,[10] and was told that, under *Dodd*, he must explain which new right asserted in his § 2255 motion was recognized by the Supreme Court within a year of the date he filed the motion.  Mr. Wilson was also allowed to explain whether there were any extraordinary circumstances, outside of his control, which made it impossible to file his motion on time.[11]

Instead of making an argument under *Dodd*, Mr. Wilson now says that the statute of limitations did not begin to run until September 6, 2006, making his August 7, 2007 filing

---

[8]  *See* Docket No. 1 at 12.

[9]  *Dodd*, 545 U.S. at 357.

[10]  *See Herbst v. Cook*, 260 F.3d at 1043 (9th Cir. 2001) ("while the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond.") (citations omitted).

[11]  *See* Docket No. 142.

timely.[12] Mr. Wilson claims that his appeal to the Court of Appeals for the Ninth Circuit was completed on June 6, 2006.[13] This is incorrect. The decision of the Ninth Circuit, remanding Mr. Wilson's case, was filed in this Court on January 9, 2006.[14] Upon remand, **this** court (not the Ninth Circuit) issued it's final order on June 6, 2006.[15] That order, upholding the prior sentence, was not appealed.

Mr. Wilson is correct in that **if** he had appealed this Court's order of June 6, 2006, after the Ninth Circuit decided that appeal, he would have an additional 90 days in which to petition for certiorari in the United States Supreme Court, after which the 1-year statute of limitations would begin to run.[16] As explained by the Court of Appeals for the Ninth Circuit:

> In most circumstances, the statute of limitations under § 2255 begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Section 2255 does not define "final." The Supreme Court has held that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Guided by the Supreme Court's definition of finality, we have adopted, for § 2255 purposes, the definition of finality set forth in 28 U.S.C. § 2244(d)(1) which is applicable to state prisoners seeking federal habeas relief. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir.2000). Thus, ... the statute of limitations within which [petitioner]

---

[12]  *See* Docket No. 145.

[13]  *See id.* at 1.

[14]  *See* Docket No. 108.

[15]  *See* Docket No. 126.

[16]  *See* Docket No. 143 at 2; Docket No. 145 at 2.

had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal. *Id.*[17]

Thus, because Mr. Wilson did not file his motion under 28 U.S.C. § 2255, within one year of the expiration of the time during which he could have sought review by direct appeal, his motion is time-barred.

**IT IS HEREBY ORDERED:**

1.      Mr. Wilson's motion under 28 U.S.C. § 2255 is DENIED;

2.      The Government's motion to dismiss is GRANTED; and

3.      The motion at docket number 144 is DENIED as moot.

DATED this 13th day of September, 2007,  at Anchorage, Alaska.

/s/JOHN  W.  SEDWICK
United States District Judge

---

[17] *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).