IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JASON F. WILSON
    Petitioner,

-vs-

UNITED STATES OF AMERICA,
    Plaintiff.

_____/

Case No. 3:02-cr-00086-JWS
Case No. 3:07-cv-00156-JWS

RECEIVED
OCT 1 9 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Re-newed Request For Reconsideration In
Light Of Petitioner's Actual Innocence

COMES NOW, Petitioner, Jason F. Wilson, and move this Honoarable Court for Re-newed reconsideration of the Court's Order dated on September 27, 2007 denying reconsideration of it's previous Order September 13, 2007 dismissing Petitioner's § 2255 petition pursuant to AEDPA.

Basis For Re-newed Reconsideration

Here, the Petitioner is renewing his request for reconsideration in light of the fact that his § 2255 petition set out facts, which if true,establishs the Petitioner's "actual innocence," entitling him to ultilize the miscarriage of justice exception to the One-Year limitation peroid. See Coleman v. Thompson, 501 US 722,750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), see also, Smith v. Baldwin, 466 F.3d 805,812 (9th Cir. 2006).

The Court has held that a procedural default of a constitutional claim will be excused if the defendant can "demonstrate that failure to consider the claim will result in a fundamental miscarriage of

Justice." See Coleman, supra. A fundamental miscarriage of justice occurs when a constitutional violation has probably resulted in a conviction of one who is actually innocent of the offense that is the subject of the barred claim. Murray v. Carrier, 477 Us 478, 485, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986).

In Schlup v. Delo, 513 US 298334, 115 S.Ct. 851, 130 L. Ed. 2d 808 (1995), the Court described this showing of "actual innocence" as a "gateway" that allows the court to consider otherwise procedurally defaulthed claims of constitutional error. Id. 513 US at 315-16 115 S. Ct. 851.

Recently, the Supreme Court reaffirmed the viability of the Schlup, "actual innocence" gateway in House v. Bell, ___ US ___ 126 S. Ct. 2064, 165 L. Ed.2d 261 (2006). There, the Court emphasized that "the Schlup standard does not require absolute certainly about the petitioner's guilt or innocence," but rather require only that a petitioner demonstrate that it is more likely than not any reasonable juror would have reasonable doubt" regarding his guilt. Id. at 2077. In doing so, the Court rejected any suggestion that AEDPA "ha[d] replaced the Schlup standard of review with a stricter test," id. at 2078, holding, instead that AEDPA standard of review is **inapplicable to a first federal habeas petition"** seeking consideration of defaulted claims based on a showing of actual innocence," Id. See Smith v. Baldwin, 466 F.3d at 813.

### Argument

Given the Suprem Court's precedents and the Ninth Circuit's procedural determinations in regards thereof, Wilson avers that his

2

§ 2255 petition, given liberal construction, Haines v. Kerner, 404 US 519,520 (1972) alleges facts, that is proven true, opens the Schlup gateway to actual innocence. To be sure, Wilson urges that he plead guilty to "possession" of cocaine and goes on to demonstrate that the trial court accepted his plea: "It's a possession, not possession for sales. If I said that, I misspoke." See § 2255 at 6-7.

But, there is more, Wilson, in his petition, alleged that the evidence pointing to his conviction for "mere possession" is overwhelming and beyond a reasonable doubt and cannot be denied. These factual allegations can be gleaned from the states court's partial sentencing transcripts found attached to Wilson petition and at page 8 of said document.

Silhouetted against this back drop, Wilson believes that he has made credible showing of actual innocence and equitable tolling should be applied to allow this court to consider the merit of his constituitional claim-where failure to do so would result in a sentence he is actual innocence of. Murray v. Carrier, 477 US 478,496 106 S.Ct. 2639.

Because mere possession" is not a controlled substance offense under USSG § 4B1.1, Wilson is actual innocent of being a career offender.

## Conclusion

Wherefore, Wilson pray that this Honorable Court reconsider, anew, its Order dismissing his § 2255 petition and thereafter, issue an Order directing the United States to respond to the merit forthwith.

3

## Certificate of Service

I, Jason F. Wilson, do hereby certify, that a true and correct copy of the foregoing motion was placed in this instutional legal mail depository, with sufficient postage attached and mailed to:

Stephan A. Collins
Assistant US Attorney
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska, 99513

On this ___ day of October, 2007

 

Jason F. Wilson
Reg. No. 14495-006
United States Penitentiary
3901 Klein Blvd
Lompoc, CA 93436

Pro Se

4

Jason F. Wilson
Reg. No. 14495-006
United States Penitentiary
3901 Klein Blvd
Lompoc, CA 93436





Clerk's Office
United States Disrtict Court
District of Alaska
U.S. Courthouse
222 W. 7th Avenue, #4
Anchorage, Alaska 99513-7564