John C. Pharr
Law Offices of John C. Pharr
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/272-2525
Fax: 907/277-9859
E-mail: jpharr@gci.net
AK Bar #8211140

INFORMATION COPY
FOR CLIENT
From Law Offices of John C. Pharr

Date *Sep 6/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JASON F. WILSON, )<br>)<br>Defendant. )<br>_____) | Case No. 3:02-cr-0086-JWS |

**MOTION FOR CERTIFICATE OF APPEALABILITY**

COMES NOW DEFENDANT JASON F. WILSON by and through his attorney of record JOHN C. PHARR of the LAW OFFICES OF JOHN C. PHARR and hereby moves the court pursuant to 28 U.S.C. § 2253(c), and FRAP 22(b) to issue a Certificate of Appealability of the District Court's decision on June 6, 2006 not to re-sentence defendant because the sentence would not be materially different under advisory instead of mandatory Guidelines.

A COA must issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the instant case, this standard has been met. Defendant would respectfully argue that the court put too much weight on the general seriousness of drug trafficking and not enough on

Exhibit "A"

1

the magnitude of this particular conspiracy. In comparison to others, at 1836.1 grams of cocaine, it is not huge. In addition, defendant would be looking at a sentencing range of 140-175 months if the guidelines were not trumped by career offender status. Defendant's career offender status is suspect legally under Shepherd v. United States, 125 S. Ct. 1254 (2005), as defendant argued in his Brief on remand on March 2, 2006.

The court concluded in its order of June 6, 2006 that the defendant's conduct and other factors warranted a long sentence. Defendant would argue that even 140 months qualifies as "very long," and the court refused to consider at a resentencing lesser, but still very long sentences.

The Ninth Circuit Court of Appeals originally stated in its remand order that it could not determine from the record if the same sentence would be warranted. Defendant would respectfully request that the court issue a Certificate of Appealability so that defendant can argue to the Ninth Circuit that there should have been a resentencing.

For these reasons defendant requests relief in accordance with his motion.

Dated at Anchorage, Alaska, this 5th day of September 2006.

LAW OFFICES OF JOHN C. PHARR

s/John C. Pharr
Attorney for Defendant
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/272-2525
Fax: 907/277-9859
E-mail: jpharr@gci.net
AK # 8211140

**Certificate of Service**

That on the 5th day of September, 2006, a copy of this document was served by electronic filing upon, AUSA Stephan Collins.

By: s/John C. Pharr, Esq.

2