UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

JASON F. WILSON
   Petitioner/Appellant,

-vs-

UNITED STATES OF AMERICA,
   Respondent/Appellee.
_____/

Case No. 3:02-cr-00086-JWS
Case No. 3:07-cv-00156-JWS

**MEMORANDUM IN SUPPORT OF
APPLICATION FOR A CERTIFICATE OF APPEALABILITY**

Introduction

In order for Petitioner/Appellant to be permitted to appeal his case to the Ninth Circuit, this Court must grant him a "certificate of appealability" ("COA") under 28 USC § 2253. The test for issuance of a COA is sesigned to weed out only the must unworthy appeals. Under the Supreme Court's interpretation of § 2253, this Court must grant Petitioner/Appellant a "COA" if reasonable jurists could find the correctness of the dismissal of his petition to be merely debatable, and this is so even if this Court is completely convinced that it came to the correct conclusion in dismissing Petitioner/Appellant's petition for writ of habeas corpus. See Miller-El v. Cockrell, 537 US 322,338 (2003); 28 USC § 2253.

The point of this Application is that this case should not die without review by the Ninth Circuit. Petitioner/Appellant claims are substantial, and reasonable jurists could debate whether this Court should have resolved the issues in a different manner. The substantiality of Petitioner/Appellant's claims of ineffective assistance of

counsel only strengthen the conclusion that a "COA" must issue.

In 2003, the Suprem Court re-emphasized in Miller-El v. Cockrell that the inquiry for determining whether or not to grant a "COA" for substantively denied claims is merely a "thershold" inquiry. Id. 537 US at 336. A claim can be "debatable", and thus able to support the granting of a "COA" even though every jurist of reason might agree, after the case has received full consideration, that the petitioner will not prevail. Id. at 338. Thus, according to the Supreme Court in Miller-El, "debatable" means just that. "This thershold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." Id. at 336. Bearing these premissive standards in minds, this Court should issue a "COA" in this case.

> I.   A Certificate of Appealability Must Issue Because, After A Mere Thershold Inquiry, Jurists Of Reason Would Find Petitioner/Appellant's Claims Debatable.

>> A.

Under 28 USC § 2255(4), reasonable jurists would certain debate whether the district court abuse its discretion when it found Petitioner/Appellant's § 2255 motion untimely despite the motion having been brought within one (1) year of the facts giving rise to the claim was discovered, and the district court was aware of these facts.

The relevant facts of this case is well known by the district court. In 2002, the Appellant pled guilty to violating federal drug laws whether a PSI report, the Court found Appellant met the provision articulated in USSG : 4B1.1 and sentence the Appellant as a career offender over his objections. Appellate counsel was appointed, briefs were filed and sometime thereafter the Ninth Circuit remanded under

United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005)(en banc). See Docket Nos. 108, 142. On June 6, 2006, the district court re-imposed the original sentnece. See Docket Nos. 116,125,126. Petitioner ordered counsel to appeal. On and around September 21, 2006, the Appellant learned that counsel, instead of filing a notice of appeal within the allotted time frame, counsel filed a Certificate of Appealability (COA) sometime in early September, 2006. The district court promptly denied the COA on September 8, 2006. See exhibit A & B attached.

Moving pro se and on or about August 14, 2007, the district court clerk stamped filed Appellant's motion pursuant to 28 USC § 2255. There, the Appellant alleged that his appellate counsel was ineffective for failing to properly challenge his career offenders enhancement where the issue had been properly preserved. After ordering the parties to show timeliness or the lack thereof, the district court dismissed the motion on timeliness grounds. Essentially, the court found that because Appellant had not appeal its sentencing re-impostions Order of June 6, 2006, in view of the fact that Appellants motion was not filed with the clerk's office until August 14, 2007, he was in fact time barred-AEDPA. The Appellant moved for re-consideration, it was denied September 13, 2007. Again, the Appellant moved for re-consideration arguing that the motion established facts of his actual innocence, the district court ruled the motion untimely and found that Appellant had not included that claim in is initial motion. See Docket No. 150. See Petitioner/Appellant Declaration attached as exhibit C

**Section 2255(4)** establishes the date on which the limitation period begins to run from the latest of-

(4) ther date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Id.

Accordingly, the date on which the facts supporting Appellant's ineffective assistance of counsel claim was not discovered until September 21, 2006, the date on which Appellant received a copy of "COA" (exhibit A) counsel filed on September 6, 2006. From June 6, 2006, the date the court reimposed Appellant's original sentence, up until Septmeber 21, 2006, the Appellant believed that counsel had filed a timely notice of appeal at Appellant's request. In its stead, however, counsel filed a "COA" some 90 days later.

These facts are embodied in the record and should not have been ignored by the court where counsel's ineffectiveness leaps off the pages. Appellant avers that the date on which the facts supporting his claim could not have been discovered through the exercise of due diligence "NO" earlier than September 21, 2007 and therefore his § 2255 petition was timely filed. See Wims v. United States, 225 F.3d 186,189 (2nd Cir. 2000).

B.

The Petitioner/Appellant believes that reasonable jurists would debate whether facts of the face of § 2255 motion, which is true, establishs the Petitioner's "actual innocence", entitling him to ultilize the miscarriage of justice exception to the One-year limitation period. See Smith v. Baldwin, 466 F.3d 805, 812 (9th Cir. 2006), citing Coleman v. Thompson, 501 US 722,750, 111 S.Ct. 2546, 115 L.Ed. 2d 640 (1991).

The Court has held that a procedural default of a constitutional

4

claim will be excused if the defendant can "demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman, 501 US at 750. A fundamental miscarriage of justice occurs when a constitutional violation has probably resulted in a conviction(sentence)of one who is actually innocent of the offense that is the subject of the barred claim. Murray v. Carrier, 477 US 478,485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

In Schlup v. Delo, 513 US 298,334, 115 S.Ct. 851, 130 L.Ed. 2d 808 (1995), the Court described this showing of "actual innocence" as a "gateway" that allows the court to consider otherwise procedurally defaulted claims of constitutional error. Id. 513 US at 315-16, 115 S.Ct. 851. Recently, the Supreme Court affirmed the viability of Schulp, "actual innocence" gateway in House v. Bell, ___ US ___ 126 S. Ct. 2064, 165 L .Ed. 2d 261 (2006).

There, the Court emphasized that "the Schlup standard does not require absolute certainly about the petitioner's guilt or innocence," but rather require only that a petitioner demonstrate that it is no reasonable juror would have reasonable doubt" regarding his guilt. Id. at 2077. In doing so, the Court rejected any suggestion that AEDPA "ha[d] replaced the Schlup standard of review with a stricter test," id. at 2078, holding, instead that AEDPA standard of review is inapplicable to a first federal habeas petition" seeking consideration of defaulted claims based on a showing of actual innocence," Id. See also, Smith v. Baldwin, 466 F.3d at 813.

In a motion titled Re-newed Motion For Re-consideration filed by Appellant in the district court On October 19, 2007, Appellant complained the there were facts on the face of his § 2255 petition,

if proven true, would open the Schlup "gateway" to actual innocence. To be sure, the Appellant averred that he had in fact entered a plea to mere "possession of cocaine" and went on to show that the state trial court accepted his plea thereto:

> The Court: "Its a possession, not possession for sales. If I said that, I misspoke

See § 2255 petition at 6-7, and exhibit E at 5, 16-17 attached thereto.

Further, the Appellant alleged, in his petition, that the evidence pointing to his conviction for mere "possession" was overwhelming and beyond a reasonable doubt and could not be denied. At the risk of redundance, the facts to which the Appellant points are all part of the record and could have been easily gleaned therefrom. As previously mentioned, the district court denied the motion finding it untimely stating the the Appellant had failed to raise the claim in his initial petition.

Because mere "possession" of concaine is not a controlled substance offense within the context of USSG § 4B1.1 the Appellant is actually innocent of being a career offender and according to the district court, will remain as such, even in light of his innocence.

At this point in these litigations, Appellant's first § 2255, he submitts that reasonable jurists would debate the issues raised here, and thereafter agree the the case should not die here. This contention is predicated, among other things, on the fact of counsel's blunders and total incompetence(the filing of a COA instead of Notice of Appeal when the Appellant was on Direct Appeal), the fact that the district court was aware of counsel's ineffectiveness upon receipt of

6

and review of the petition, the court refused to give any consideration or its attention. [A] defendant who instructs his attorney to appeal reasonalby relies upon counsel to file the **"necessary"** notice." See Flores-Ortega, 528 US 470, 120 S.Ct.1029, 145 L.Ed.2d 985 (2000)(setting out the standard governing claims of ineffective assistance of counsel arising out of failure to file a timely notice of appeal).

Petitioner/Appellant believes that the substantive and procedural posture of his claims makes them particularly appropriate for review by the Circuit Court. Appellant/Petitioner has argued that his Sixth Amendment right to the assistance of counsel was violated where his attorney failed to file a notice of appeal when instructed to do so. The district court, aware of counsel's blunders, should have construed the § 2255 petition under 28 USC § 2255(4) as it was the basis for extending the limitation period beyond June 6, 2006 under § 2255(4)

He further argued that any procedural default should be excused because he is actually innocent of the sentencing court imposition of the career offender's enhancement. These are demonstratable issues on which reasonable jurists may differ.

Conclusion

For the reasons stated, Petitioner/Appellant respectfully asks that th is application be ALLOWED.

Respectfully submitted

*Jason C. Wilson* (signature)
Jason F. Wilson
Reg. No. 14495-006
United States Penitentiary
3901 Klein Blvd
Lompoc, CA 93436

Pro Se